FILED

DEC 20 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, | : |
| Plaintiff, | : |
| v. | CASE NUMBER 1:05CV02449 |
| UNITED STATES DEPARTMENT OF LABOR<br>200 Constitution Avenue, N.W.<br>Washington, D.C. 20210 | JUDGE: Reggie B. Walton<br>DECK TYPE: FOIA/Privacy Act<br>DATE STAMP: 12/20/2005 |
| and | |
| ELAINE L. CHAO, in her<br>official capacity as<br>Secretary of Labor, | : |
| Defendants. | : |

JURY ACTION

## CLASS ACTION COMPLAINT

This is a civil action brought under the Privacy Act, 5 U.S.C. Sec. 552a, on behalf of certain federal employees of the United States of America against the United States Department of Labor. The Department of Labor, through its Employee Compensation Appeals Board, publishes on the internet and in publicly-available documents the private medical information of federal employees seeking workers compensation benefits, without due consideration of the consequences. Such publication violates the privacy rights of these employees and harms them personally and in their efforts to return to work. Such publication is contrary to the Office of Workers Compensation Programs(OWCP), mission statement, "to protect the interests of eligible workers by restoring injured workers to gainful work when permitted by the effects of the injury."

This action is brought to compel the Department of Labor to remove the private medical information of John Doe and other similarly-affected federal workers from the internet and other publicly-available resources, and to recover actual damages sustained by John Doe and other similarly-affected federal workers, and to recover the attorneys' fees and costs of this litigation.

## Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 5 U.S.C. Sec. 552a(g)(5).

2. Venue is proper in this Court pursuant to 5 U.S.C. Sec. 552a(g)(5).

## Parties

3. Plaintiff John Doe is a citizen of the United States, and currently resides in a foreign country where he serves as an employee of the United States. He is a former Peace Corp volunteer. John Doe is proceeding under an alias to mitigate any further damage that may be inflicted to his reputation, current job security, future job prospects, business opportunities, and personal life.

4. Defendant United States Department of Labor is an agency of the United States and is responsible for the determination and payment of workers' compensation benefits to federal employees who are injured on the job. The Employees' Compensation Appeals Board ("ECAB") is a division of the Department of Labor. ECAB hears appeals of compensation decisions, determines federal liability, and is the final authority in deciding when benefits should be provided to federal employees. ECAB's Decisions and Orders, which contain private medical information regarding injured federal employees, are published by the Department of Labor on the internet and are otherwise publicly-available, as are the records of John Doe at issue in this case.

5. Defendant Elaine L. Chao is Secretary of Labor and heads the Department of Labor. Defendant Chao is responsible for Department of Labor compliance with the laws of the United States, including the laws at issue in this case.

### Class Action Allegations

6. Plaintiffs are United States Government employees who have had Federal Employees Compensation Act cases administered through ECAB. They suffered on-the-job injuries and brought claims for workers' compensation. Their claims initially were heard by the Office of Workers' Compensation Programs ("OWCP"). John Doe and the other injured federal workers were promised confidentiality by OWCP and the ECAB.

7. The class consists of John Doe and the other injured federal workers who then appealed the decisions of OWCP to the Employees' Compensation Appeals Board. Once ECAB made a determination on the claim, either for or against these federal employees, the Decisions and Orders were published and made available through the internet. A simple search engine query of the name of any one of these federal employees leads the searcher to the ECAB decisions, which disclose their private medical information to billions of people throughout the world. Medical confidentiality is an essential privilege of citizenship and disclosure of this information can have devastating effects on the lives of these federal workers, including but not limited to embarrassment, disturbing family relations, withdrawal of job opportunities, lost income, and psychological trauma.

8. The Department of Labor has chosen to publish this private information with no regard for the rights of these federal employees. In addition, a large percentage of these federal workers who are unaware of this practice of the ECAB have undoubtedly suffered negative

3

consequences in their daily lives from the unconsented disclosure of this private medical information by the Department of Labor.

9. This action is brought by John Doe on his own behalf and on behalf of other similarly affected federal employees as a class action under the provisions of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, for removal of their private medical information from the internet, for removal of their private medical information from all publicly- available documents, for actual and statutory damages, and for the costs and attorneys' fees of this action.

10. The class that is represented by John Doe is made up of federal employees whose private medical information has been published on the internet or in publicly-available documents by the Department of Labor.

11. The exact number of members of the class, as hereinabove identified and described, is not known. The ECAB website contains decisions for every month from January 1998 to the present. There are roughly one hundred and fifty cases decided and published per month, leading to a total of at least 13,000 published Decisions and Orders available on the internet. ECAB has also been publishing decisions in publicly available records prior to 1998. The class is so numerous that joinder of individual members is impracticable.

12. There are common questions of law and fact in the action that relate to and affect the rights of each member of the class, and the relief sought is common to the entire class. Namely, the Department of Labor, without regard to the privacy of these federal employees, has chosen to publicly disclose private and damaging information in print and over the internet. This action is in express violation of the Privacy Act, 5 U.S.C. Sec. 552a.

13. The claims of John Doe, who is representing the class, are typical of the claims of the class. All members of the class, including John Doe, are entitled to relief based on the actions of the Department of Labor. Namely, John Doe and other federal employees are entitled to relief due to the actions of the Department of Labor in publishing and posting private medical information of John Doe and other federal employees, without their consent or without consideration of their rights. There is no conflict between John Doe and other members of this class with respect to this action and claims for relief.

14. John Doe is the representative party for the class, and is able to, and will, fairly and adequately, protect the interests of the class.

15. This action is properly maintained as a class action pursuant to Fed. R. Civ. P. 23(b)(3). The questions of law and fact that the members of the class have in common dominate any issues affecting individual members. A class action is the best method for reaching a fair and efficient result in this case.

16. Upon information and belief, the Department of Labor acted similarly against each class member in choosing to publish their private medical information and separate trials to prove common issues would be a waste of resources. Furthermore, the expenses of litigation would likely discourage individuals from bringing their own lawsuits concerning the behavior of the Department of Labor. Upon information and belief, there is as yet no other litigation involving the same controversy.

### Facts Regarding Representative Party

17. In 1997 Plaintiff John Doe was a Peace Corps volunteer in a foreign country. He was suffering from a cough and began wheezing and having problems swallowing his food. John Doe filed a notice of occupational disease with the Office of Workers' Compensation

5

Programs. The OWCP accepted John Doe's claim. John Doe then underwent a series of medical treatments and procedures over the next few years in an attempt to correct his illness.

18.    In August 1998, John Doe began working for a different government agency. The next year he found that he was unable to perform the physical tasks required of him in his new position, and that his work duties were in fact aggravating his occupational illness. At the same time, John Doe was being harassed and discriminated against by his supervisors for whistleblowing. On December 2, 1999, John Doe filed a claim for a recurrence of disability with OWCP. By decision dated February 7, 2001, the OWCP denied the claim.

19.    Following the rules implemented by the Department of Labor, John Doe appealed the decision of the OWCP to the Employees' Compensation Appeals Board.

20.    ECAB denied John Doe's appeal in a Decision and Order dated April 23, 2002. ECAB's Decision and Order was not redacted in any way. It identifies John Doe by name and place of employment, and reveals information from his private medical records, including reports of his psychologist. That decision was subsequently posted on ECAB's website. At no time did ECAB request John Doe's consent to make public this private information.

21.    John Doe learned that the decision had been posted on the internet when he was working on the computer. John Doe promptly requested that the Decision and Order be removed, as its disclosure violated his rights. [Redacted Exhibit A, attached]. In letters dated October 26, 2004, and December 22, 2004, the Department of Labor refused John Doe's request without any meaningful consideration of his claim. [Redacted Exhibits B and C, attached].

**Facts Regarding Entire Class**

22. Plaintiffs are current and former United States Government employees. As United States Government employees, Plaintiffs are required to file workers' compensation claims with the Office of Workers' Compensation Programs of the Department of Labor.

23. In order to appeal decisions by OWCP, federal employees are limited to an appeal to the Employees' Compensation Appeals Board.

24. Private medical information is available to members of ECAB in order to assist in the decision making process.

25. In composing Decisions and Orders, ECAB included private medical information of Plaintiffs, without their permission and with no concern for their privacy.

26. Since an unknown date, ECAB Decisions and Orders have been available through print media and through the Department of Labor's website for public viewing.

27. ECAB has not attempted to redact any medical information in the Decisions and Orders, and the Decisions and Orders clearly identify the federal employees by name and place of employment.

28. At no time have these federal employees waived their right to privacy.

29. The Department of Labor willfully and intentionally released the private medical information of thousands of federal government employees, without their consent or knowledge, and with no concern for their privacy and well being. This practice has the consequence of deterring federal employees from filing workers' compensation claims and from fully contesting findings of the OWCP, fearful that private medical information will be made available by the Department of Labor to the world on the internet.

**Count I**
**(Violation of the Privacy Act – Defendant Department of Labor)**

30.     Plaintiffs John Doe and similarly affected federal employees repeat and reallege the allegations contained in Paragraphs 1 through 30 above.

31.     The Department of Labor maintains private records concerning John Doe and other federal employees as part of their duty in determining workers' compensation benefits for federal employees injured on the job.

32.     In violation of 5 U.S.C. Sec. 552a(b) and (d), the Department of Labor willfully and intentionally released the private medical information of John Doe and federal employees without the prior written consent or knowledge of these employees or any lawful justification.

33.     As a result of the Department of Labor's willful and intentional disclosure of the private medical records of John Doe and other federal employees, Plaintiffs' suffered serious and substantial harm and adverse effects, including but not limited to physical injuries, emotional distress, mental anguish, embarrassment, inconvenience, loss of income and loss of reputation.

WHEREFORE, Plaintiffs John Doe and other federal employees demand a judgment against the Department of Labor for removal of private medical information from publicly available materials and the internet and damages in an amount to be determined by a factfinder, plus attorneys' fees and costs, and such other relief as this Court deems just and proper.

**Count II**
**(Violation of the Privacy Act – Defendant Elaine L. Chao)**

34.     Plaintiffs John Doe and other federal employees repeat and reallege the allegations contained in Paragraphs 1 through 34 above.

35. Defendant Elaine L. Chao is responsible for the actions of the Department of Labor in maintaining private records concerning John Doe and other federal employees as part of the Department of Labor's duty in determining workers' compensation.

36. In violation of 5 U.S.C. Sec. 552a(b) and (d), Defendant Chao willfully and intentionally permitted the release of the private medical information of John Doe and federal employees without the prior written consent or knowledge of these employees or any lawful justification.

37. As a result of Defendant Chao's willful and intentional disclosure of the private medical records of John Doe and other federal employees, Plaintiffs' suffered serious and substantial harm and adverse effects, including but not limited to physical injuries, emotional distress, mental anguish, embarrassment, inconvenience, loss of impact and loss of reputation.

WHEREFORE, Plaintiffs John Doe and other federal employees demand a judgment against Defendant Chao for removal of private medical information from publicly available documents and the internet and damages in an amount to be determined by a factfinder, plus attorneys' fees and costs, and such other relief as this Court deems just and proper.

### Count III
### (Common Law Invasion of Privacy – Defendant Department of Labor)

38. Plaintiffs John Doe and other federal employees repeat and reallege the allegations contained in Paragraphs 1 through 38 above.

39. The Department of Labor maintains private records concerning John Doe and other federal employees as part of their duty in determining workers' compensation benefits for federal employees injured on the job.

40. Defendant Department of Labor willfully and intentionally invaded the privacy of plaintiffs John Doe and other federal employees by publicly disclosing the private facts of their medical conditions and histories.

WHEREFORE, Plaintiffs John Doe and other federal employees demand a judgment against the Department of Labor for invasion of privacy and damages in an amount to be determined by a factfinder, plus attorneys' fees and costs, and such other relief as this Court deems just and proper.

## Count IV
### (Common Law Invasion of Privacy – Defendant Elaine L. Chao)

41. Plaintiffs John Doe and other federal employees repeat and reallege the allegations contained in Paragraphs 1 through 41 above.

42. Defendant Elaine L. Chao is responsible for the actions of the Department of Labor in maintaining private records concerning John Doe and other federal employees as part of the Department of Labor's duty in determining workers' compensation.

43. Defendant Chao willfully and intentionally invaded the privacy of plaintiffs John Doe and other federal employees by publicly disclosing the private facts of their medical conditions and histories.

WHEREFORE, Plaintiffs John Doe and other federal employees demand a judgment against Defendant Chao for invasion of privacy and damages in an amount to be determined by a factfinder, plus attorneys' fees and costs, and such other relief as this Court deems just and proper.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues triable by jury.

Respectfully submitted,

THOMPSON O'DONNELL, LLP

*[signature]*

J. Michael Hannon #352526
Sean G. Ryan #495067
1212 New York Avenue, N.W.
Suite 1000
Washington, D.C. 20005
(202) 289-1133
(202) 289-0275

Attorneys for Plaintiff