# REDACTED EXHIBIT A

*PLEASE DO NOT DISCLOSE THIS LETTER OR FUTURE RESPONSES TO THE PUBLIC IN ANY MANNER SUCH AS VIA FOIA, ELECTRONIC MEANS, ETC. PLEASE CONSIDER THIS MATTER <u>CONFIDENTIAL</u>. THANK YOU.*

REDACTED

RE:   Docket # REDACTED
           REDACTED

U.S. Department of Labor/USDOL
OAS/Frank Clubb – Director of Inquiries
200 Constitution Ave, NW
Room # N1519
Washington, D.C. 20210

Dear Mr. Clubb:
I was referred to you by Mahesh Patel, (Employees' Compensation Appeals Board/ECAB Information Quality Correction Point of Contact) at the USDOL. I'm under the impression that you will be my main contact at the USDOL/ECAB. I was told that you were the USDOL's, (and ECAB's) FOIA Officer and Privacy Officer, in addition to being the Director of Inquiries. If this is inaccurate please refer me to the appropriate contacts and forward this letter to them on my behalf. Also, please forward a copy of this letter to ECAB's System Manager/Chairman per the "Contesting Record Procedures" located at http://www.dol.gov/sol/privacy/dol-ecab-2.htm and to Mr. Patel if appropriate. It could take me up to 1 month to respond to your letter/s as I'm constantly traveling for work and it takes time for mail to "catch-up" with me.

In summary, ECAB's Decision and Order, (copy attached) was recently posted to the Internet and is accessible via any search engine, (sample Google search attached) simply by typing in my name. I presented the facts to ECAB before the Decision and Order was decided. After I received the Decision and Order, I pointed-out errors in the Decision and Order to ECAB. Unfortunately, ECAB wasn't willing to make any changes to the record and the current Decision and Order isn't fully accurate.

For example, I wasn't "eventually discharged" (1) from my position as is stated on the Decision and Order. This statement is very harmful, (making it sound like I was terminated) when in reality I officially resigned from the Department of Commerce, (USDOC). I have documentation to prove this and can provide a Human Resources contact to you at the USDOC to validate this also. In addition, there are many other inaccuracies in the Decision and Order, which I could bring to your attention if requested to do.

While the attached copy is hard to read, (I assume ECAB has the original on file) my initial appeal to ECAB was via letter on 07/25/01. I never signed anything, (to the best of my recollection) authorizing the USDOL or ECAB to put my "case" in the public domain. As you can see with ECAB's 10/25/01 acknowledgement, (attached) there is no mention of eventually making my case "public", etc. From the start, (USDOL) to the finish, (ECAB) I requested confidentiality from the USDOL/ECAB and was told over and over again my case would remain confidential. Nobody ever told me it would eventually be published and ultimately added to the Internet and other media for the "world" to see. I never found out about this until recently. I had an expectation of confidentiality and wasn't advised by the USDOL/ECAB to the contrary in advance. Even if I did agree to waive my privacy rights, individuals do not waive their privacy rights merely by signing a document that states that information may be released to third parties under the FOIA. As one court has observed, such a statement is not a waiver of the right to confidentiality, it is merely a warning by the agency and corresponding acknowledgement that the information they were providing could be subject to release.

In addition to inaccuracies on the Decision and Order, there are Medical Privacy, (FOIA and Privacy Act issues) I would like to discuss. First, the USDOL/ECAB should have protected my personal privacy via Exemption 6 as the personal and medical information mentioned isn't completely accurate, and "would constitute a clearly unwarranted invasion of personal privacy" per FOIA's guidelines. My case clearly met the threshold requirement for Exemption 6 protection, and the privacy interest, (harm) definitely outweighed the public interest/gain via full disclosure on the Internet, etc. In the Reporters Committee decision, the Supreme Court stressed that "both the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person" and the Court of Appeals for the District of Columbia Circuit had similar findings.

There is information mentioned in the Decision and Order, which is prohibited from disclosure and involves inter-agency communications that is protected by legal privileges. In my opinion the USDOL/ECAB should not have published the Decision and Order as foreseeable harm was very apparent.

It is important to remember that while the Government may voluntarily or involuntarily waive its rights to an exemption when it's own interests are at stake, it cannot waive an individual's privacy interests under the FOIA by unilaterally publicizing information about that person. The privacy interest inherent in Exemption 6 "belongs to the individual, not the agency holding the information," and "the fact that otherwise private information at one time or in some way may have been placed in the public domain does not mean that a person irretrievable loses his or her privacy interest in the information."

Similarly, individuals who provide law enforcement agencies with reports of illegal conduct, (my whisleblowing activities at the USDOC) have well-recognized privacy interests, particularly since I feared reprisals for my assistance. Similarly, witnesses who provide information to investigative bodies – administrative and civil, as well as criminal – ordinarily are accorded privacy protection. It has been held that disclosure of sensitive personnel information contained in investigative records about a public figure, (I was a Peace Corps Volunteer and employee at the USDOC) is appropriate only where exceptional interests militate in favor of disclosure. Furthermore, even when the existence of an investigation of misconduct has become publicly known, the accused individual ordinarily has an overriding privacy interest in not having the further details of the matter disclosed. Personal details pertaining to government employees are protectible under Exemption 6. Likewise, the courts customarily have extended protection to the identities of mid and low level federal employees accused of misconduct, and well as to the details and results of any internal investigations into such allegations of impropriety. The courts have most vigorously protected the personal, intimate details of an individual's life – consistently protecting personal information that, if disclosed, is likely to cause the individual involved personal distress or embarrassment. Courts have regularly upheld the nondisclosure of information such as medical condition/s, financial status, etc which would cause an invasion of privacy.

I'm requesting that all references to my case and Decision/Order be removed from the Internet, all publicly accessible databases, and in bound form immediately. The Decision and Order is inaccurate, incomplete, and the USDOL/ECAB shouldn't have allowed others to see my Decision and Order, as this was a clear violation under the law.

I will await your written reply. Thank you.

REDACTED

REDACTED
October 15, 2004