UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | Civil Action No. |
| Plaintiff | ) | 1:05-cv-02449-RBW |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF LABOR, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Rules 12(b)(1), 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure, defendants United States Department of Labor and the Secretary of Labor respectfully move the Court to dismiss or enter summary judgment in defendants favor on plaintiff's Privacy Act claim, and dismiss for lack of subject matter jurisdiction plaintiff's common law invasion of privacy claim. The accompanying Memorandum of Points and Authorities more fully sets forth the reasons that support Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

_s/ Marcia Berman_____
MARCIA BERMAN
Trial Attorney
(PA Bar No. 66168)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.  Room 7204
Washington, D.C.  20530
Tel.: (202) 514-3330
Fax: (202) 616-8470
Email:  marcia.berman@usdoj.gov

Attorneys for Defendants.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | Civil Action No. |
| Plaintiff | ) | 1:05-cv-02449-RBW |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF LABOR, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

This case involves an appellant's claim that the administrative board that heard the appellant's federal workers' compensation appeal under the Federal Employees' Compensation Act ("FECA") violated his rights under the Privacy Act and the common law by publishing the decision in his case. Defendants United States Department of Labor and the Secretary of Labor are entitled to dismissal or summary judgment on all of plaintiff's claims, for several reasons.

As a preliminary matter, plaintiff's Privacy Act claim for damages is barred by the Privacy Act's two year statute of limitations. Even if plaintiff's Privacy Act damages claim could survive this hurdle, which it cannot, the government would still be entitled to judgment in its favor because the publication of plaintiff's administrative appeal decision was a routine use of the information submitted by plaintiff in the course of his appeal. Moreover, plaintiff cannot show that the government acted in an "intentional or willful" manner, as is required to establish

1

liability for damages under the Privacy Act.

Plaintiff's claim for injunctive relief under the Privacy Act too fails under the Act's routine use exception, and for the additional reason that plaintiff did not exhaust his administrative remedies, as he was required to do.

Finally, because plaintiff has not alleged a waiver of the government's sovereign immunity, his common law tort claims arising from the publication of his appeal decision fail as well.

<u>**STATEMENT OF FACTS AND PROCEDURAL POSTURE**</u>

Plaintiff John Doe alleges that in 1997, when he was a volunteer for the Peace Corps, he suffered from a cough, began wheezing and had problems swallowing his food. (Complaint at ¶ 17). He filed a notice of occupational disease with the Department of Labor's Office of Workers' Compensation Programs ("OWCP"), which administers federal workers' compensation claims arising under the FECA. (<u>Id</u>.; 20 C.F.R. §§ 1.2, 10.1). OWCP allegedly accepted Doe's claim. In 1999, while he was working for a different government agency, Doe filed a claim for recurrence of disability with OWCP. (<u>Id</u>. at ¶ 18). OWCP denied this claim in a decision dated February 7, 2001. (<u>Id</u>.).

Doe appealed OWCP's decision to the Employees' Compensation Appeals Board ("ECAB" or the "Board"), "[f]ollowing the rules implemented by the Department of Labor." (<u>Id</u>. at ¶ 19). ECAB, an appellate board of the Department of Labor, hears and makes final decisions on appeals of federal employees from OWCP decisions in claims arising under the FECA (5 U.S.C. §§ 8101 <u>et seq</u>.). (Board Procedures, attached as Exhibit 2 to declaration of Terry A. Wallace ("Wallace Decl."), attached hereto as Exhibit A; <u>see also</u> Complaint at ¶ 4).

On August 9, 2001, after Doe filed his appeal with ECAB, ECAB's Clerk's Office sent Doe a letter informing him of the docket number that had been assigned to the appeal and enclosing copies of the Board's Rules of Procedure and Board Procedures, and a summary of the appellate process entitled "Processing an Appeal." (Wallace Decl. at ¶¶ 3, 4).[1] These enclosures specifically notified Doe that the docket for his case and the Board's decision in his case would be public documents open to public inspection, and that the Board's decision could be included in the Board's published opinions. (20 C.F.R. § 501.8(b); Rules of Procedure at 4 (Ex. 1 to Wallace Decl.); Board Procedures at 2 (Ex. 2 to Wallace Decl.)).

ECAB denied Doe's appeal in a decision and order issued on April 23, 2002. (Complaint at ¶ 20). The decision allegedly identified John Doe by name and place of employment, and revealed information from his private medical records, including reports of his psychologist. (Id.). Doe's decision was made accessible to the public at the Department of Labor, on Westlaw and Lexis, and on ECAB's internet website. (Id.; declaration of David Gerson at ¶ 6, attached hereto as Exhibit B).

Doe claims that he learned that the decision had been posted on the internet "when he was working on the computer" but does not say when that occurred. (Id. at ¶ 21). Subsequently, Doe requested that the decision be removed from the internet. (Id.; see also Exhibit A to Complaint at 3, in which Doe requests of the Department of Labor that "all references to my case and Decision/Order be removed from the Internet, all publicly accessible databases, and in bound form immediately"). The Complaint alleges that the Department of Labor denied Doe's

---

[1]Despite Doe's use of the pseudonym "John Doe," defendants were able to discern Doe's identity from the factual allegations in the Complaint regarding Doe's work history and the date of his ECAB decision. (See Complaint at ¶¶ 17, 18, 20).

request.  (Complaint at ¶ 21).

On December 20, 2005, Doe filed the instant lawsuit in federal court against the Department of Labor and the Secretary of Labor, alleging that the disclosure of private medical information in Doe's ECAB decision violated the Privacy Act and invaded his privacy rights under common law.  In support of his Privacy Act claim, Doe cites 5 U.S.C. § 552a(b) (prohibiting unauthorized disclosure of records) and (d) (providing procedures for requesting amendment of records).[2]  (Complaint at Counts I-II).  Doe does not allege any facts indicating how he was harmed by the alleged violations.  Doe's complaint asserts class action allegations. (Id. at ¶¶ 6-16).[3]

The Complaint seeks damages and "a judgment against the Department of Labor for removal of private medical information from publicly available materials and the internet."  (Id. at Counts I-II).

## ARGUMENT

Doe's Privacy Act and common law tort claims for the allegedly wrongful public disclosure of private medical information in his ECAB decision must fail.  His Privacy Act claim fails for threshold reasons based on the statute of limitations and requirement of exhaustion of administrative remedies.  Moreover, the publication of relevant facts in ECAB decisions falls within an exception to the Privacy Act for "routine use," and Doe cannot meet the "intentional or

---

[2]Doe does not cite or refer to any of the civil remedy provisions of the Privacy Act.  See 5 U.S.C. § 552a(g).

[3]Doe has not yet moved for class certification.  Privacy Act claims such as Doe's are not usually appropriate for class certification.  See, e.g., Doe. v. Chao, 306 F.3d 170, 184 (4th Cir. 2002), aff'd on other grounds, 540 U.S. 614 (2004).

willful" requirement of the Privacy Act.  Because Doe has not alleged any waiver of sovereign

immunity for his claim for common law invasion of privacy, the Court lacks subject matter

jurisdiction over that claim.

I.    THE COURT SHOULD DISMISS, OR GRANT SUMMARY JUDGMENT IN
      FAVOR OF DEFENDANTS ON, DOE'S PRIVACY ACT CLAIM.

        Doe asserts claims for damages and injunctive relief under the Privacy Act, 5 U.S.C. §

552a.  Defendants are entitled to summary judgment on Doe's Privacy Act claim for damages

because that claim is barred by the two-year statute of limitations.  As we will demonstrate, Doe

waited more than two years from the time when he knew or should have known of the alleged

Privacy Act violation to file the instant complaint.

        Doe's Privacy Act claim for damages fails on the merits as well.  The disclosure of Doe's

ECAB decision fell within the routine use exception to the Privacy Act.  The Department of

Labor published routine use notices in the Federal Register in which it specifically identified the

publication of ECAB decisions, both in hard copy and on ECAB's internet website, as a routine

use of ECAB docket and disposition records.  Doe received actual notice of ECAB's practice of

publication as well as legal notice of the published routine uses in the Federal Register.  This

routine use is compatible with the purpose for which the information was reviewed by ECAB.

Thus, the Department of Labor satisfies the requirements of the routine use exception and is

entitled to summary judgment on the merits of Doe's Privacy Act claim for damages.

        Doe's Privacy Act claim for damages fails for the additional reason that Doe cannot show

that the Department of Labor acted in an "intentional or willful" manner, as is required to

establish liability under the Privacy Act.

        Doe has also failed to state a claim for injunctive relief under the Privacy Act.  Doe did

5

not exhaust his administrative remedies, as he was required to, with respect to his claim for an order directing the Department of Labor to remove private medical information from Doe's ECAB decision.  Lastly, Doe's claim for injunctive relief is also precluded by the routine use exception to the Privacy Act.

        A.      <u>Doe's Claim for Damages for Wrongful Disclosure under the Privacy Act Is Barred by the Statute of Limitations</u>.

        1.      Standard of Review.

Under Federal Rule of Civil Procedure 56, a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).[4]  Rule 56 "mandates the entry of summary judgment" if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  Moreover, the non-movant's opposition "must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial."  <u>PDK Labs Inc. v. Ashcroft</u>, 338 F. Supp. 2d 1, 6 (D.D.C. 2004); <u>see</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986).  Only disputes over facts that "might affect the outcome of the suit" can preclude the entry of summary judgment.  <u>Anderson</u>, 477 U.S. at 248.

        2.      Doe Filed His Complaint More than Two Years after the Time

---

[4]Because the statute of limitations for the Privacy Act is not jurisdictional, <u>see</u> <u>Chung v. U.S. Dept. of Justice</u>, 333 F.3d 273, 276-78 (D.C. Cir. 2003), and because we rely for this argument on materials outside the Complaint, we move for summary judgment, rather than for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6).

6

When He Knew or Should Have Known of the Alleged Privacy
Act Violation.

A Privacy Act claim must be brought "within two years from the date on which the cause
of action arises." 5 U.S.C. § 552a(g)(5). A cause of action under the Privacy Act for wrongful
disclosure arises when the plaintiff knows or should know of the alleged violation. Tijerina v.
Walters, 821 F.2d 789, 798 (D.C. Cir. 1987); Farrero v. NASA, 180 F. Supp. 2d 92, 95-96
(D.D.C. 2001). Thus, the statute of limitations for the Privacy Act does not require actual
knowledge of the alleged violation, since the statute of limitations begins to run either when the
plaintiff knew or should have known of the violation. Id.

Shortly after Doe filed his appeal with the Board, he was put on notice that a decision in
his case, including any relevant facts, would be a public document open to public inspection, and
could be selected for publication. On August 9, 2001, ECAB's Clerk's Office sent Doe notice
that his appeal had been docketed and enclosed three documents. (Wallace Decl. at ¶¶ 3, 4).
The first enclosure was a copy of the Board's Rules of Procedure. The second enclosure, entitled
Board Procedures, contains a description of ECAB, its jurisdiction and its publication
procedures. The third enclosure, entitled Processing an Appeal, is a one page summary of the
appellate process. These three enclosures explain the procedures for filing an appeal; transmittal
of the record from OWCP to ECAB; requesting oral argument before ECAB; issuance and
publication of decisions by ECAB; and filing a petition for reconsideration before ECAB. (Id. at
¶ 3).

The Rules of Procedure state that the Board shall maintain a docket of all proceedings for
each case, and that "[t]he docket of the Board shall be open to public inspection." (20 C.F.R. §
501.8; Rules of Procedure at 3-4 (Ex. 1 to Wallace Decl.)). The "Processing an Appeal"

document informs appellants that "[t]he Board will issue a written decision or order in every appeal which sets forth the relevant facts of the case, the applicable law, and the reasoning upon which the Board based its action."  (Ex. 3 to Wallace Decl.; <u>see also</u> Board Procedures at 2 (Ex. 2 to Wallace Decl.) ("The Board's decision includes a written opinion setting forth the relevant facts, conclusions reached, and the applicable law and analysis upon which the Board based its decision)).

Both the Rules of Procedure and Board Procedures explain that the Board's written decisions are published for the benefit of the public.  The Rules of Procedure state that "[t]he Board shall publish its decisions in such form as to be readily available for inspection, and shall allow the public inspection thereof at the permanent location of the Board."  (20 C.F.R. § 501.8(b); Rules of Procedure at 4 (Ex. 1 to Wallace Decl.)).  The Board Procedures provide as follows:

> Decisions of the Board are comprehensive and constitute a valuable source of precedent which serves to guide the OWCP in the adjudication of claims and as reference for injured employees, attorneys, and others concerned with issues in the field of workers' compensation.  At the end of each fiscal year the Board selects decisions to be assembled and printed in volumes.  There is an Index Digest of the Board's decisions, supplements to which are published periodically. Volumes of Decisions of the Employees' Compensation Appeals Board and the Index Digest may be purchased from the Superintendent of Documents, U.S. Government Printing Office, Washington, D.C.  20402.  They are also distributed by the Printing Office to depository libraries of each State (university and law school libraries; local and state bar association libraries), all district offices of the OWCP and certain other offices of the Department of Labor throughout the United States.

(Board Procedures at 2 (Ex. 2 to Wallace Decl.)).

Therefore, Doe knew or should have known, as early as August, 2001 when he received the three enclosures from ECAB, that the Board's decision in his case, which could include relevant private medical information, would be made available to the public.  As of April 23,

8

2002, when the Board issued its decision in Doe's case, Doe knew or should have known that the particular medical information contained in his decision would be available to the public through the Board's normal procedures for disseminating its decisions, with possible publication.

Thus, Doe knew or should have known of the disclosure to the public of private medical information in the ECAB decision – the alleged Privacy Act violation – by April 23, 2002, at the latest.  (See Complaint at Counts I-II, alleging that the government "willfully and intentionally released the private medical information of John Doe and federal employees without the prior written consent or knowledge of these employees or any lawful justification.").  However, Doe did not file his Privacy Act claim until December 20, 2005, more than two years after his cause of action arose on April 23, 2002.  His claim for damages under 5 U.S.C. § 552a(b) is thus barred by the two year statute of limitations, and the Department is entitled to summary judgment on this basis.  Tijerina, 821 F.2d at 798; Farrero, 180 F. Supp. 2d at 95-96.[5]

---

[5]That Doe wrote to the Department of Labor to request that the decision in his case be removed from the internet is irrelevant to the statute of limitations.  (See Complaint at 21). There is no basis for tolling the statute of limitations while a plaintiff pursues administrative remedies because there is no administrative exhaustion requirement when a plaintiff seeks damages under the Privacy Act, and therefore no impediment to raising Privacy Act claims in federal court while administrative proceedings are pending.  See Hubbard v. EPA, 809 F.2d 1, 4 (D.C. Cir. 1986); Nagel v. U.S. Dept. of Health, Education and Welfare, 725 F.2d 1438, 1441 n. 2 (D.C. Cir. 1984).  Nor does the Complaint contain any facts to support a claim of equitable estoppel or equitable tolling.  See Chung, 333 F.3d at 278 (explaining that equitable estoppel precludes a defendant, because of its own inequitable conduct, from invoking the statute of limitations defense, and that equitable tolling applies when a plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim).

        B.      <u>Defendants Are Entitled to Summary Judgment on Doe's Privacy Act</u>
                <u>Claim for Damages Because the Medical Information in Doe's ECAB</u>
                <u>Decision Was Properly Disclosed Pursuant to a Routine Use of ECAB</u>
                <u>Docket and Disposition Records</u>.

Even if Doe's Privacy Act claim for damages for wrongful disclosure were not barred by the statute of limitations, which it clearly is, it would fail under the routine use exception to the Privacy Act.

The Privacy Act allows an agency to disclose a record from a system of records for a "routine use," 5 U.S.C. § 552a(b)(3), which is a use that is "compatible with the purpose for which [the record] was collected." <u>Id</u>. § 552a(a)(7). The agency must publish in the Federal Register a notice of "each routine use of the records contained in the system, including the categories of users and purpose of such use." <u>Id</u>. § 552a(e)(4)(D). In addition, the agency must "inform each individual whom it asks to supply information, on the form which it uses to collect the information or on a separate form that can be retained by the individual" of the routine uses which may be made of the information. <u>Id</u>. § 552a(e)(3)(c). <u>See also</u> <u>U.S. Postal Service v. National Assn. of Letter Carriers</u>, 9 F.3d 138, 140 (D.C. Cir. 1993); <u>Radack v. U.S. Dept. of Justice</u>, 402 F. Supp. 2d 99, 105 (D.D.C. 2005).

The Department of Labor satisfied the requirements for the routine use exception to the Privacy Act and is therefore entitled to summary judgment on Doe's Privacy Act claim for damages.

        1.      The Department of Labor Complied with its Federal Register
                Publication Obligations.

The Department of Labor published in the Federal Register notices of routine use for ECAB docket and disposition records. <u>See</u> 67 Fed. Reg. 16816, 16867-68 (April 8, 2002); 58

10

Fed. Reg. 49548, 49595 (Sept. 23, 1993); 55 Fed. Reg. 7084, 7116 (Feb. 28, 1990).  The routine

use notice for ECAB docket records explains that all former or current federal employees

appealing final decisions of OWCP are covered by the system of records.  Id. at 16867.  The

notice identifies the following categories of records in the system:  "[d]ocuments pertaining to

appeals of final decisions rendered by the Office of Workers' Compensation Programs arising

under the Federal Employees Compensation Act, including incoming and outgoing

correspondence, a summary of processing transactions, pleadings, motions, orders, and final

disposition."  Id. (emphasis added).  The purpose of the system of records is "[t]o maintain

records of appeals and track appeals through processing and disposition operations."  Id.

    The notice for ECAB docket records states that a routine use of the records in the system

is that "ECAB decisions are sent for publication to the U.S. Government Printing Office (GPO)

and are available on ECAB's Internet web-site."  Id.  The notice further provides that records in

the system are indexed by ECAB docket case number, and can be cross-referenced to the

individual's name.  Id.

    The published routine use notice for ECAB disposition records similarly states that

former or current federal employees who appealed final decisions of OWCP are covered by the

system of records, and that "final decisions and/or orders determining appeals of benefits claims

under the Federal Employees' Compensation Act" are records in the system.  Id.  The purpose of

the system of records is "[t]o maintain formal records of appeal dispositions determined by the

Employees' Compensation Appeals Board."  Id.  The routine uses of records in the system are

described as follows:  "Board final decisions and/or orders are public documents and are

accessible to interested persons.  Precedent setting decisions are sent to the U.S. Government

11

Printing Office (GPO) for publication in an annual Volume, which is available for sale from the GPO, and deposited in over 500 Federal Depository Libraries throughout the country."  Id. (emphasis added).  Previous versions of this routine use notice elaborated that these precedent setting decisions "are used by law schools, law libraries, the Office of Workers' Compensation Programs, the Office of the Solicitor of Labor, attorneys and those members of the general public interested in federal workers' compensation."  58 Fed. Reg. 49548, 49595 (Sept. 23, 1993); 55 Fed. Reg. 7084, 7116 (Feb. 28, 1990).

The routine use notice for ECAB disposition records also states that "[r]ecent decisions are maintained in hard copy form in binders in the ECAB library; older decisions are published in bound volumes.  Published volumes are also on deposit in designated Federal Depository Libraries, and on the ECAB'S Internet Website."  67 Fed. Reg. at 16867.  Like the routine use notice for ECAB docket records, the notice for ECAB disposition records states that "[p]ublished decisions are indexed by appellant's last name, by category of medical condition and legal issue, by ECAB Docket number and by ECAB Volume number and page.  Unpublished decisions are indexed by ECAB Docket number, and can be cross-referenced to appellant's name."  Id. at 16867-68.

These published notices of routine use clearly and specifically identify the publication of ECAB decisions and orders, in hard copy as well as on ECAB's website, as a routine use of those records.  They put ECAB appellants, such as Doe, on notice that final decisions on their appeals are public documents, may be published in widely distributed volumes, and will be posted on ECAB's website.  The notices further explicitly inform ECAB appellants that ECAB decisions will be indexed and cross-referenced by the appellant's name and, if published, by

12

category of medical condition.  Although the notices do not specify that medical information pertinent to the case may be included in ECAB decisions, that is an obvious inference given that the subject matter of ECAB cases is compensation for workplace injuries.  These notices clearly put ECAB appellants on notice that medical information relevant to their appeals could be disclosed in public ECAB decisions.

      2.     The Department of Labor Gave Actual Notice to Doe of the Public Nature of ECAB Decisions.

As discussed above, <u>see</u> subsection I(A), <u>supra</u>, the Department of Labor gave Doe actual notice of the public nature of ECAB decisions when it mailed him copies of the Board's Rules of Procedure, Board Procedures and Processing an Appeal document at the docketing stage of his appeal.  Those documents unquestionably notified Doe that an ECAB decision in his case would be a public document and could be selected as a precedential decision for widespread publication.

      3.     The Disclosure of Medical Information in Published ECAB Decisions Is Compatible with the Purpose for Which ECAB Reviews the Information.

The Privacy Act defines a routine use as one that is "compatible" with the purpose for which the information was collected.  5 U.S.C. § 552a(a)(7).  The compatibility requirement involves an inquiry into the purpose for the collection of the information and the purpose of the disclosure of the information.  <u>Britt v. Naval Investigative Serv.</u>, 886 F.2d 544, 548-49 (3d Cir. 1989).  Compatibility means more than mere relevance, although less than an identity of purpose in gathering and disclosing the information.  "There must be a more concrete relationship or similarity, some meaningful degree of convergence, between the disclosing agency's purpose in gathering the information and in its disclosure."  <u>Britt</u>, 886 F.2d at 549-50.  <u>See also</u> <u>U.S. Postal</u>

Service, 9 F.3d at 144-45; Radack, 402 F. Supp. 2d at 106.

ECAB's purpose in reviewing Doe's medical information was compatible with its purpose in disclosing that information in the published decision in Doe's case. ECAB reviewed Doe's medical information in connection with its determination of Doe's appeal of the denial of his FECA claim by OWCP. See 67 Fed. Reg. at 16867-68.[6] The issue on Doe's ECAB appeal was whether he sustained a recurrence of disability. (See Complaint at ¶ 18). Medical information was obviously pertinent to the Board's resolution of Doe's claim that OWCP erred by denying his claim for a recurrence of disability. The Board must review medical information relevant to FECA claims in order to correctly determine appeals before it, and that was the Board's purpose in reviewing Doe's medical information.

ECAB's purpose in reviewing medical information to correctly determine appeals is compatible with ECAB's purpose in disclosing medical information in the body of its written decisions. The Board publishes its decisions because it is a court of last resort, therefore "publication of its decisions creates a body of legal precedent to guide future appellants, lawyers, and the public on legal issues." (Ex. B to Complaint). (See also Board Procedures at 2 (Ex. 2 to Wallace Decl.) ("Decisions of the Board are comprehensive and constitute a valuable source of

_____

[6]The actual medical reports are not retained by ECAB either in DOL/ECAB-01, Employees' Compensation Appeals Board Docket Records, or DOL/ECAB-02, Employees' Compensation Appeals Board Disposition Records. They are maintained in a system of records entitled DOL/GOVT-1, Office of Workers' Compensation Programs, Federal Employees' Compensation Act File, 67 Fed. Reg. at 16826, from which OWCP transmits the record to ECAB for its review. 20 C.F.R. § 501.4(a). (5 U.S.C. § 552a (b)(1) permits disclosure of those OWCP records to "those officers and employees of the agency which maintains the record who have a need for the record [ECAB]in the performance of their duties.") Once ECAB issues its decision, the case record is returned to OWCP; only the summary or excerpted medical information contained in the ECAB decision is accessible to the public pursuant to DOL/ECAB-02, Employees' Compensation Appeals Board Disposition Records.

precedent which serves to guide the OWCP in the adjudication of claims and as reference for injured employees, attorneys, and others concerned with issues in the field of workers' compensation.")).  See also 5 U.S.C. § 8128(b) (precluding FECA determinations from judicial review).

The creation of a body of legal precedent to guide claimants and OWCP in the field of workers' compensation is compatible with the purpose of reviewing medical information to correctly decide appeals of OWCP decisions.  Both of these purposes are aimed at the common goal of achieving a high standard of appellate review in light of ECAB's status as a court of last resort.  As the Board states in its Procedures, "[t]he Board endeavors to maintain a high standard of appellate review and to achieve, through its procedures, a just decision in every appeal." (Board Procedures at 2).  There is clearly a "concrete relationship or similarity, some meaningful degree of convergence" between the Board's purpose in collecting medical information pertinent to appeals and in disclosing medical information in its final decisions.  Britt, 886 F.2d at 549. See also Ash v. United States, 608 F.2d 178, 179 (5th Cir. 1979), cert. denied, 445 U.S. 965 (1980) (holding that Navy's publication of plaintiff's name, offense and punishment, resulting from summary proceedings, in daily bulletin of his command, for purpose of maintaining discipline, was compatible with Navy's purpose in conducting and recording summary proceedings).

Moreover, relevant medical information could not be redacted from ECAB decisions without destroying the purpose for publishing those decisions.  Because medical information summarized in these decisions is so critical to these worker's compensation cases, it cannot simply be redacted from the body of ECAB decisions and still have the decisions constitute a

15

meaningful body of legal precedent.

Thus, the disclosure of medical information in Doe's ECAB decision was permissible as a routine use of the information. Defendants are entitled to summary judgment on Doe's Privacy Act claim for damages.

C.    <u>The Complaint Fails to State a Privacy Act Claim for Damages Because Any Alleged Violation Was Not Intentional or Willful</u>.

Doe's Privacy Act claim for damages for wrongful disclosure fails for the additional reason that Doe cannot establish that the alleged violation was intentional or willful, a prerequisite for liability under the Privacy Act. The Complaint therefore fails to state a claim under the Privacy Act.

1.    Standard of Review.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "tests the legal sufficiency of a complaint." <u>Browning v. Clinton</u>, 292 F.3d 235, 242 (D.C. Cir. 2002). A court may dismiss a lawsuit when the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45–46 (1957). In reviewing a motion to dismiss, a court will accept all well-pleaded facts as true and will construe the complaint liberally, giving the plaintiff the benefit of all reasonable inferences from the facts alleged. <u>Kowal v. MCI Communications Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir. 1994); <u>Ass'n of Am. Med. Colls. v. Princeton Review, Inc.</u>, 332 F. Supp. 2d 11, 15 (D.D.C. 2004). A court, however, need not accept inferences unsupported by the alleged facts or legal conclusions cast as factual allegations. <u>Kowal</u>, 16 F.3d at 1276. In determining whether a complaint fails to state a claim, a court may consider the facts alleged in the complaint, any documents either attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of

16

public record.  EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 624 (D.C. Cir.

1997); Ass'n of Am. Med. Colls., 332 F. Supp. 2d at 15; see also Kaempe v. Myers, 367 F.3d

958, 965 (D.C. Cir. 2004) (holding that documents "referred to in the complaint" and "integral"

to the claim may also be considered as part of a motion to dismiss); Does I Through III v.

District of Columbia, 238 F. Supp. 2d 212, 216 (D.D.C. 2002) (affirming the "well established"

principle that courts may take judicial notice of records of prior litigation when considering a

motion for judgment on the pleadings).

        2.     Doe Cannot Establish That the Alleged Violation Was Intentional
              or Willful.

In order to establish liability for damages under the Privacy Act, Doe must demonstrate

that the Department of Labor acted in an "intentional or willful" manner.  5 U.S.C. § 552a(g)(4).

These terms, however, do not have their vernacular meanings in the Privacy Act context (thus,

the simple fact that a disclosure is voluntary is not sufficient).  White v. Office of Personnel

Management, 840 F.2d 85, 87 (D.C. Cir. 1988) (per curiam).  Rather, they are "terms of art" that

have been interpreted to set a standard that is "somewhat greater than gross negligence."  Id.

(citation omitted); accord Deters v. U.S. Parole Comm'n, 85 F.3d 655, 660 (D.C. Cir. 1996).

Specifically, an agency acts in an intentional or willful manner within the meaning of

§ 552a(g)(4) "either by committing the act without grounds for believing it to be lawful, or by

flagrantly disregarding others' rights under the Act."  Albright v. United States, 732 F.2d 181,

189 (D.C. Cir. 1984).  Moreover, "the violation must be so patently egregious and unlawful that

anyone undertaking the conduct should have known it unlawful."  Laningham v. U.S. Navy, 813

F.2d 1236, 1242 (D.C. Cir. 1987) (internal quotation marks omitted).

Doe cannot meet this standard.  The Board disclosed Doe's ECAB decision to the public

17

based on its good faith belief that such disclosure was consistent with the Board's obligations under the Freedom of Information Act, 5 U.S.C. § 552(a)(2), as well as its own regulations, and was consistent with the Privacy Act.  (See Ex. B to Complaint).  Specifically, the Board believed that the FOIA requires the Board to make its final opinions publically available by electronic means, and that the publication of its decisions was authorized by the published routine use notices for ECAB docket and disposition records.  (Id.).  The Board also believed as a matter of policy that publication of its decisions was beneficial to future claimants and appellants as well as to the public.  (Id.).

    As described above, the Board was correct in its beliefs.  But even if the Board had been incorrect, it certainly cannot be said that it acted "without grounds for believing [the disclosure] to be lawful," Albright, 732 F.2d at 189, or that the disclosure was "so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful," Laningham, 813 F.2d at 1242.  See Nathanson v. FDIC, No. 95-1604, 1996 U.S. App. LEXIS 3111, at *3–6 (1st Cir. Feb. 22, 1996) (per curiam) (holding that FDIC's disclosure "fell well short" of an intentional or willful violation of the Privacy Act because the existence of a routine use "afforded reasonable grounds for believing that [the disclosure] was lawful," even where published agency commentary conflicted with the routine use).

    Accordingly, based on the Complaint and attached exhibits, Doe cannot satisfy the "intentional or willful" requirement for Privacy Act liability.  For this reason, the Court should dismiss his Privacy Act claim for damages for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

    D.    Defendants Are Entitled to Dismissal or Summary Judgment on Doe's
          Claim for Injunctive Relief under the Privacy Act.

18

Defendants are also entitled to dismissal or summary judgment on Doe's claim for injunctive relief under the Privacy Act. Doe fails to state a claim for injunctive relief under the Privacy Act because the Complaint and exhibits demonstrate that Doe did not exhaust his administrative remedies, as he was required to, with respect to his claim for an order directing the Department of Labor to remove private medical information from his ECAB decision. In addition, his claim for injunctive relief is barred by the routine use exception discussed above.

1.    The Complaint Fails to State a Claim for Injunctive Relief under
      the Privacy Act Because Doe Did Not Exhaust His Administrative
      Remedies with Respect to this Claim.

Doe's claim for injunctive relief under the Privacy Act seeks "a judgment against the Department of Labor for removal of private medical information from publicly available materials and the internet." (Complaint at Counts I-II). The Privacy Act's subsection on civil remedies authorizes entry of injunctive relief in only two situations. See 5 U.S.C. § 552a(g)(2)(A) (authorizing courts to order agencies to amend an individual's record); 5 U.S.C. § 552a(g)(2)(B) (authorizing entry of reasonable attorney's fees). The Privacy Act precludes other forms of injunctive relief. Doe v. Stephens, 851 F.2d 1457, 1463 (D.C. Cir. 1988). Thus, Doe's request for the removal of private medical information from his ECAB decision must be construed as a § 552a(g)(2)(A) request for a court order directing the Department of Labor to amend Doe's record. (See also Complaint at Counts I-II, citing 5 U.S.C. § 552a(d)) (requiring agencies to permit individuals to request agencies to amend their records).

However, a litigant requesting a court order pursuant to § 552a(g)(2)(A) must first exhaust his administrative remedies with respect to the amendment he seeks. Exhaustion of administrative remedies, through pursuit of an amendment request to an agency and a request for

19

administrative review, is a well-established prerequisite to a civil action for amendment of

records.  See, e.g., Quinn v. Stone, 978 F.2d 126, 137-38 (3d Cir. 1992); Hill v. U.S. Air Force,

795 F.2d 1067, 1069 (D.C. Cir. 1986) (per curiam); Nagel, 725 F.2d at 1441.  The Privacy Act

sets forth specific procedures for individuals and agencies to follow with respect to requests to

amend records, and the Department of Labor has issued detailed regulations governing

requesting the correction or amendment of records.  5 U.S.C. § 552a(d)(2), (3), (4); 29 C.F.R. §

71.9.

      Doe never asked the Department of Labor for the amendment of his record that he now

asks the Court to order.  His federal court Complaint specifically requests, for the first time, that

the Department of Labor "remov[e] . . . [Doe's] private medical information from publicly

available materials and the internet."  (Complaint at Counts I-II).  Doe never asked the

Department of Labor to redact private medical information from his ECAB decision.  Rather, he

requested the much broader relief of removing his ECAB decision, in its entirety, from the public

domain – a request that was more akin to an expungement request than an amendment request.

Doe asked the Department for the following:

> I'm requesting that all references to my case and Decision/Order be removed
> from the Internet, all publicly accessible databases, and in bound form
> immediately.  The Decision and Order is inaccurate, incomplete, and the
> USDOL/ECAB shouldn't have allowed others to see my Decision and Order, as
> this was a clear violation under the law.

(Ex. A to Complaint at 3).  (See also Complaint at ¶ 21 ("John Doe . . . requested that the

Decision and Order be removed [from the internet]"); Exhibit A to Complaint at 3).  Doe was

clearly complaining about the entirety of his Decision and Order being publically available, not

just the publication of certain medical information contained in it.[7]  There was no reason for the

Department to interpret Doe's request as one seeking merely the removing of private medical

information from the ECAB decision.  This request appears for the first time in Doe's federal

court Complaint.  Doe's failure to exhaust his administrative remedies with respect to his request

that the agency remove his private medical information from publicly available materials and the

internet precludes his Privacy Act claim for injunctive relief.  Accordingly, the Court should

dismiss Doe's claim for injunctive relief under the Privacy Act for failure to state a claim under

Fed. R. Civ. P. 12(b)(6).

> 2.    Defendants Are Entitled to Summary Judgment on Doe's Privacy
>        Act Claim for Injunctive Relief Because the Routine Use
>        Exception Applies to That Claim as Well.

For all of the reasons stated above, see subsection I(B), supra, defendants are entitled to

summary judgment on Doe's Privacy Act claim for injunctive relief.  The complained of

disclosure was made pursuant to a routine use and therefore cannot form the basis of liability

under the Privacy Act resulting in the injunctive relief that Doe requests.

II.    THE COURT SHOULD DISMISS DOE'S COMMON LAW INVASION OF
       PRIVACY CLAIM FOR LACK OF SUBJECT MATTER JURISDICTION.

Doe alleges two counts sounding in tort:  Count III, common law invasion of privacy

against the Department of Labor; and Count IV, common law invasion of privacy against the

Secretary of Labor.  This Court lacks subject matter jurisdiction over these counts because Doe

has failed to allege a statutory basis for the United States' waiver of sovereign immunity for

common law invasion of privacy.  Accordingly, the Court should dismiss these counts pursuant

---

[7]Nor did Doe request, from the agency or this Court for that matter, that his name and
other personal identifiers be redacted from the ECAB decision.

to Fed. R. Civ. P. 12(b)(1).

It is "axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983) (citations omitted). The bar of sovereign immunity applies even when purely equitable relief is sought. See, e.g., Jaffee v. United States, 592 F.2d 712, 717 n.10 (3d Cir. 1979) (citations omitted). Waivers of sovereign immunity "cannot be implied but must be unequivocally expressed." Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 95 (1990) (citations omitted); Forman v. Small, 271 F.3d 285, 296 (D.C. Cir. 2001), cert. denied, 536 U.S. 958 (2002). Absent a waiver of sovereign immunity, a district court lacks jurisdiction over claims against the United States. Mitchell, 463 U.S. at 212.

Doe has not alleged any waiver of sovereign immunity for his claim for common law invasion of privacy. (See Counts III and IV). Congress has enacted a limited waiver of sovereign immunity for claims sounding in tort through the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq. But Doe has not brought his common law invasion of privacy claim under the rubric of the FTCA, nor could he. The FTCA requires a prospective plaintiff to first present an administrative claim to the appropriate federal agency. 28 U.S.C. 2675(a). This administrative claim requirement is a jurisdictional prerequisite and is non-waivable. Simpkins v. District of Columbia, 108 F.3d 366, 371 (D.C. Cir. 1997). The Department of Labor has issued regulations which set forth the requirements for filing an administrative claim under the FTCA. 29 C.F.R. Part 15.

Doe does not allege that he filed an administrative claim under the FTCA with the Department of Labor. Accordingly, even if Doe had alleged that his common law invasion of

22

privacy claim arises under the FTCA, which he has not, the Court would still lack jurisdiction over it because Doe has not satisfied the administrative claim requirement.  The Court should dismiss Counts III and IV pursuant to Fed. R. Civ. P. 12(b)(1).

## CONCLUSION

For all of the foregoing reasons, defendants Department of Labor and Secretary of Labor Chao respectfully request that the Court dismiss or enter judgment in defendants favor on Doe's Privacy Act claim, and dismiss for lack of subject matter jurisdiction Doe's common law invasion of privacy claim.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director


 s/ Marcia Berman
MARCIA BERMAN
Trial Attorney
(PA Bar No. 66168)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.  Room 7204
Washington, D.C.  20530
Tel.: (202) 514-3330
Fax: (202) 616-8470
Email:  marcia.berman@usdoj.gov

Attorneys for Defendants.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 6, 2006, a true and correct copy of the foregoing Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, was served upon plaintiffs' counsel of record at the address listed below:

<u>Via ECF</u>:

J. Michael Hannon
THOMPSON, O'DONNELL, LLP
1212 New York Avenue, NW
Suite 1000
Washington, DC 20005
(202) 289-1133
Fax: (202) 289-0275
Email: jmh@tomnh.com


 s/ Marcia Berman                        
MARCIA BERMAN