# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

John Doe,                          )
     Plaintiff,                    )
                                   )
v.                                 )         CASE NO. 1:05CV02449
                                   )         Judge Walton
Elaine Chao,                       )
in her official capacity as        )
Secretary of Labor                 )
                                   )
                                   )
     Defendant.                    )
_____)

### DECLARATION OF TERRY WALLACE

I, Terry Wallace, do hereby state and declare that:

1.   I am the Clerk of the Employees' Compensation Appeals Board
(ECAB), United States Department of Labor. In that capacity, I
coordinate the processing of appeals of decisions of the
Department of Labor's Office of Workers' Compensation Programs
(OWCP) to the ECAB under the Federal Employees' Compensation Act
(FECA), 5 U.S.C. § 8101, et seq.; 20 C.F.R. Part 501.

2.   A FECA claimant receives a final appealable determination
from OWCP on a FECA claim; the appeal rights that accompany that
decision explain what further rights to administrative review are
available to the claimant. Those rights may include the right to
reconsideration before the OWCP district office pursuant to 5
U.S.C. § 8128 (a); hearing before OWCP's Branch of Hearings and
Review pursuant to 5 U.S.C. § 8124 (b); or an appeal to ECAB
pursuant to 5 U.S.C. § 8149 and its implementing regulations at
20 C.F.R. Part 501.

3.    When an appeal is formally docketed with ECAB and a docket number is assigned, the Clerk's office sends the appellant and/or his authorized representative a letter acknowledging the appeal and designating the docket number for the appeal.    The Clerk's Office sends that letter with three enclosures.    The first enclosure is a copy of the Board's Rules of Procedure (ECAB regulations at 20 C.F.R. Part 501, last amended in 1988).    The second enclosure entitled Board Procedures (last revised January 1995) contains a description of ECAB, its jurisdiction and its publication procedures.    The third enclosure entitled Processing an Appeal (last revised January 1995) is a one page summary of the appellate process.    These three enclosures explain the procedures for filing an appeal; transmittal of the record from OWCP to ECAB; requesting oral argument before ECAB; issuance and publication of decisions by ECAB; and filing a petition for reconsideration before ECAB.    True and correct copies of these three enclosures are attached hereto as Exhibits 1, 2 and 3.

2

4.   On August 9, 2001, the Clerk's office sent John Doe, the plaintiff in the above-captioned case, a letter acknowledging his appeal and designating the docket number for his appeal.  A true and correct redacted copy of that letter is attached hereto as Exhibit 4.  As the letter indicates, on August 9, 2001, the Clerk's office sent Doe copies of ECAB's Rules of Procedure, Board Procedures, and Processing an Appeal.

I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. § 1746.

Dated this 2nd day of March 2006

TERRY WALLACE, CLERK
EMPLOYEES' COMPENSATION APPEALS BOARD
U.S. DEPARTMENT OF LABOR

3

# EXHIBIT 1

U.S. DEPARTMENT OF LABOR

Employees' Compensation Appeals Board

RULES OF PROCEDURE[1]

Section
501.1   Definitions.
501.2   Scope and applicability of rules; composition and jurisdiction of the Board.
501.3   Application for review.
501.4   Transmittal of record.
501.5   Oral argument.
501.6   Decisions.
501.7   Petition for reconsideration.
501.8   Docket of proceedings; inspection of docket and records.
501.9   Regulation of proceedings.
501.10  Number of copies of pleadings and related documents; service; and
        computation of time.
501.11  Appearances.
501.12  Intervention
501.13  Place of proceedings.

§501.1 Definitions.
        (a) *Act* means the Federal Employees' Compensation Act and any statutory extension or
application thereof.
        (b) *Board* means the Employees' Compensation Appeals Board.
        (c) *Office* means the Office of Workers' Compensation Programs and in the
case of employees of the Canal Zone Government and of the Panama Canal Company, the
Governor of the Canal Zone.
        (d) *Director* means the Director of the Office and in the case of employees of the Canal
Zone Government and of the Panama Canal Company, the Governor of the Canal Zone.
        (e) *Party* means any person admitted and named as a party on the docket of the Board,
including any intervenors.
        (f) *Counsel* includes any person who is a member in good standing of the bar of the Supreme
Court of the United States or the highest court of any State, territory, or the District of Columbia.

§501.2 Scope and applicability of rules; composition and jurisdiction of the Board.

        (a) The regulations in this part provide the rules of practice of the Board
in hearing and deciding appeals from final decisions of the Office.
        (b) The Board consists of three members appointed by the Secretary of Labor, one of whom
is designated as Chairman of the Board and administrative officer.

---

[1] 20 CFR 501;  27 FR 12186, amended December 8, 1962; 29 FR 13519, amended October 1, 1964; 37 FR 26710,
amended December 15, 1972; 42 FR 62471, amended December 13, 1977; and 53 FR 49491, amended December 7, 1988.

(c) The Board has jurisdiction to consider and decide appeals from the final decision of the Office in any case arising under the Act. The Board may review all relevant questions of law, fact, and discretion in such cases. There shall be no appeal with respect to any interlocutory matter disposed of by the Office during the pendency of a case. The review of a case shall be limited to the evidence in the case record which was before the Office at the time of its final decision.

§501.3 Application for review.

(a) *Who may file.* Any person adversely affected by a final decision of the Director, or his duly authorized representative, may file an application for review of such decision by the Board.

(b) *Place of filing.* Any application for review shall be filed with the Clerk of the Board, Employees' Compensation Appeals Board, U. S. Department of Labor, Washington, D.C. 20210.

(c) *Form of application; contents.* An application for review should be filed with the Board upon Form AB-1 (Application for Review). Any application made without the use of the form shall contain the following information: The full name and address of the applicant, the name of the injured or deceased employee, the employing establishment, the case file number assigned to the case by the Office, a description of the particular injury involved, the date of injury, the place of injury, and the date of the decision being appealed. If the applicant is being represented by another person in the proceeding, the name and address of such representative should be stated. Each application shall include a succinct statement indicating the contentions of the applicant and describing with particularity any findings of fact, conclusions of law, or exercise of (or failure to exercise) discretion complained of. Any application containing incomplete information shall be returned to the applicant with a description of the additional information needed and a reasonable opportunity for furnishing any such information shall be allowed.

(d) *Time for filing.* (1) Except as provided in paragraph (d)(2) of this section, any application for review by a person residing within the United States or Canada must be filed within 90 days from the date of issuance of the final decision of the Director, and any application for review by a person residing outside the United States or Canada must be filed within 180 days from the date of issuance.

(2) For good cause shown, the Board may in its discretion waive a failure to file an application within the time limitations provided in paragraph (d)(1) of this section, but for no longer than one year from the date of issuance of the final decision of the Director.

(3) *Date of filing* – (i) *Date of receipt.* Except as otherwise provided in this section, a notice of appeal is considered to have been filed only as of the date it is received in the Office of the Clerk of the Board.

(ii) *Date of mailing.* If the notice is sent by mail and the fixing of the delivery as the date of filing would render the appeal untimely, it will be considered to have been filed as of the date of mailing. The date appearing on the postmark (when available and legible) shall be prima facie evidence of the date of mailing. If there is no postmark or it is not legible, other evidence, such as, but not limited to, certified mail receipts, certificate of service and affidavits, may be used to establish the date of mailing.

(e) *Briefs and supporting statements.* Any application for review may be accompanied by a brief or supporting statement.

§501.4 Transmittal of record.

(a) The Board shall serve upon the Director a copy of each application for review and any brief or supporting statement accompanying it. Within 60 days from the date of such service, the Director, through his legal representative, the Solicitor of Labor, shall transmit to the Board the

.2

record of the proceeding to which the application refers and a statement in support of his decision, or other pleading, as appropriate, signed on his behalf by his legal representative.

(b) On application of the Director, the Board may in its discretion extend the 60-day time for submittal to the Board of the record of proceedings and accompanying statement or pleading.

## §501.5 Oral argument.

(a) *Notice.* Whenever any party requests an opportunity to present oral argument the Board shall schedule the case for argument. Each party shall be notified at least ten days before the date of argument. The notice shall state the issues to be heard, as determined by the Board.

(b) *Time allowed.* Generally not more than one hour shall be allowed for oral argument by any party although in appropriate cases the Board may in its discretion extend or shorten the time allowed.

(c) *Failure to respond to notice.* Failure to respond to a notice of oral argument shall not prejudice the rights of any party to the proceeding. The Board in its discretion may set the case for further argument upon notice or it may proceed to dispose of the appeal pursuant to §501.6.

## §501.6 Decisions.

(a) The decision of the Board shall contain a written opinion setting forth the reasons for the action taken and an appropriate order. The decision may consist of affirmance, reversal, remand for further development of the evidence, or other appropriate action. A copy of the decision shall be sent by the Board to all parties in interest. The case record shall be returned to the Director with a copy of the decision.

(b) A decision of not less than two members shall be the decision of the Board.

(c) The decision of the Board shall be final as to the subject matter appealed and such decision shall not be subject to review, except by the Board.

(d) The decision of the Board shall be final upon the expiration of 30 days from the date of the filing of the order, unless the Board shall in its order fix a different period of time or reconsideration by the Board is granted.

## §501.7 Petition for reconsideration.

(a) *Procedure for filing.* A petition for reconsideration of a decision of the Board may be filed with the Board within 30 days from the date of the order, or, if another period is specified in the order, then prior to the time when the order becomes final. The petition shall state the grounds relied upon, including any matters claimed to have been erroneously decided and shall specify the alleged errors. The petition may be in letter form.

(b) *Answer; procedure for disposition of petitions.* Upon the filing of a petition for reconsideration, each of the other parties to the proceeding may file an answer thereto within such time as may be fixed by the Board. If reconsideration should be granted, reargument upon reasonable notice may be allowed in the discretion of the Board. After reconsideration of a case the Board shall either grant or deny the petition.

## §501.8 Docket of proceedings; inspection of docket and records.

(a) *Maintenance of docket.* A docket of all proceedings shall be maintained by the Board. Each proceeding shall be assigned a number in chronological order upon the date on which an

3

application for review is received. Each proceeding shall be generally considered in the order in which it is docketed, although for good cause shown the Board may advance the order in which a particular case is to be considered. Correspondence or further applications in connection with any pending case shall refer to the docket number of that case.

(b) *Inspection of docket and records.* The docket of the Board shall be open to public inspection. The Board shall publish its decisions in such form as to be readily available for inspection, and shall allow the public inspection thereof at the permanent location of the Board. Inspection of the papers and documents included in the case record of any proceeding before the Board shall be permitted or denied in accordance with the standards provided in §1.22 of this title. The Chairman of the Board shall exercise the functions prescribed in 29 CFR 70.74a.

## §501.9 Regulation of proceedings.

The proceedings shall be conducted under the supervision of the Chairman or Acting Chairman, who shall regulate such matters as the granting of continuances, acceptance of briefs and other procedural matters.

## §501.10 Number of copies of pleadings and related documents; service; computation of time.

(a) Except as provided in paragraph (b) of this section, any application, pleading, petition, brief or other memorandum shall be filed in duplicate (original and one copy) with the Board; the Board shall serve the copy upon the other party.

(b) Instead of filing the duplicate of any such document with the Board, the party submitting it may serve the duplicate or copy directly upon the Director and make a notation to that effect upon the copy filed with the Board.

(c) Any notice or order required under this part to be given or served shall be by certified or registered mail or by personal service.

(d) *Computation of Time.* (1) In computing any period of time prescribed or allowed by these rules or by direction of the Board, the first day counted shall be the day after the event from which the time period begins to run, and the last day for filing shall be included in the computation. If the last day for filing falls on a Saturday, Sunday, or Federal holiday, the first working day thereafter shall be the last day for timely filing. For purposes of computing the time for filing a notice of appeal or a petition for reconsideration, the event which commences the running of the time period shall be construed as occurring on the date the relevant decision is issued, and not the date the decision is actually received.

(2) Whenever a paper is served on the Board by mail, paragraph (d)(1) of this section will be deemed complied with if the envelope containing the paper is postmarked within the time period allowed, computed as in paragraph (d)(1) of this section. If there is no postmark, or it is not legible, other evidence, such as, but not limited to, certified mail receipts, certificate of service and affidavits, may be used to establish the date of mailing.

(3) A waiver or an extension of the time limitations for filing a paper, other than a notice of appeal or petition for reconsideration, may be requested by motion.

## §501.11 Appearances.

(a) *Representation.* In any proceeding before the Board, a party may appear in person, or by counsel or any other duly authorized person, including any accredited representative of an employee organization. No person shall be recognized as representing an appellant or intervenor

4

unless there shall be filed with the Board a statement in writing, signed by the party to be represented, authorizing such representation. Such representative when accepted shall continue to be recognized unless he should abandon such capacity, withdraw, or the appellant or intervenor directs otherwise.

(b) *Former members of the Board; other employees of the Department of Labor.* A former member of the Board shall not be allowed to participate as counsel or other representative before the Board in any proceeding until two years from the termination of his status as a Board member. The practice of other former employees of the Department of Labor are governed by 29 CFR 2.2 and 2.3.

(c) *Debarment of counsel or other representative.* Whenever in any proceeding the Board finds that a person acting as counsel or other representative for any party to the proceeding is guilty of unethical or unprofessional conduct, the Board may order that such person be excluded from further acting as counsel or other representative in such proceeding. An appeal may be taken to the Secretary of Labor from such an order, but the proceeding shall not be delayed or suspended pending disposition of the appeal, although the Board may suspend the proceeding for a reasonable time for the purpose of enabling the party to obtain different counsel or representative. Whenever the Board has issued an order precluding a person from further acting as counsel or other representative in a proceeding, the Board shall within a reasonable time thereafter submit to the Secretary of Labor a report of the facts and circumstances surrounding the issuance of the order, and shall recommend what action the Secretary of Labor should take in regard to the appearance of such person as counsel or other representative in other proceedings before the Board. Before any action is taken debarring such person as counsel or representative from other proceedings, he shall be furnished notice and opportunity to be heard on the matter.

(d) *Fees.* No claim for legal or other service rendered in respect to a proceeding before the Board to or on account of any person, shall be valid unless approved by the Board or by a member thereof. No contract for a stipulated fee or a fee upon a contingent basis shall be recognized by the Board, and no fee for service shall be approved except upon an application to the Board supported by a sufficient statement of the extent and character of the necessary work done before the Board on behalf of the interested party. Except where such representation is gratuitous, the fee approved by the Board, or by a member thereof, shall be reasonably commensurate with the actual necessary work performed by such representative, taking into account the capacity in which the representative has appeared, the amount of the compensation involved, and the circumstances of the appellant.

## §501.12 Intervention.

The Board may permit any person whose rights may be affected by any proceeding before the Board to intervene therein whenever such person shows in a written petition to intervene that such rights are so affected. The petition should state with precision and particularity (a) the rights affected; and (b) the nature of any argument he intends to make.

## §501.13 Place of proceedings.

The Board shall sit in Washington, D.C.

# EXHIBIT 2

# U.S. DEPARTMENT OF LABOR

## Employees' Compensation Appeals Board

### Washington, D.C. 20210

---

## Board Procedures

The Employees' Compensation Appeals Board (Board) was created under Reorganization Plan No. 2 of 1946, effective July 16, 1946. The Board is a three member quasi-judicial body which has been delegated exclusive jurisdiction by Congress to hear and make final decisions on appeals of Federal employees from final decisions of the Office of Workers Compensation Programs (OWCP) in claims arising under the Federal Employees' Compensation Act (5 U.S.C. §§ 8101 et seq.). The Board is independent of the Office and its jurisdiction is strictly appellate and extends to questions of fact and law and the exercise of discretion. The Board's decisions are binding upon the Office and must be accepted and acted upon by the Director.

Board review is limited to that evidence in the case record upon which the OWCP rendered its decision; new or additional evidence may not be submitted to the Board. The decision of the Board is final as to the subject matter appealed, and is not subject to court review.

Any claimant who has received a final decision from the OWCP has the right to file an appeal with the Board. An application for review should be filed within 90 days from the date of the OWCP decision (180 days for persons residing outside the continental United States or Canada). If good cause is shown for the delay in filing, the Board may accept an application after the 90 (or 180) day period, provided it is received by the Board within one year of the date of the OWCP's decision. An application for Board review should be filed on the Board's Form AB-1 (Application for Review), but the Board will accept an informal application if it gives the applicant's full name, the OWCP's case file number, the date and place of injury, the date of the most recent OWCP decision,

and the reason for disagreement with the decision. The application must be signed by the person adversely affected by the OWCP decision. An appellant may designate a representative for purposes of the appeal but it is not required that an appellant be represented before the Board.

When the appeal is docketed, a docket number will be assigned to the appeal and a copy of the application is served upon the Director of the OWCP, who is permitted time within which to forward the case record to the Board and a pleading, which is usually a memorandum in justification of the OWCP decision. Either the Director or the appellant may request oral argument. The Board will mail a copy of the Director's memorandum to the appellant and allows adequate time to file a reply, or to request oral argument if desired. If neither party requests oral argument, the case is submitted to the Board for decision on the record.

If the appellant or the Director requests oral argument, the case is scheduled for oral argument before the Board. Oral Arguments are held only in Washington, D.C. The Board does not pay for travel or incidental expenses. The Board will set the issues to be heard at argument and send notice to all parties at least 10 days prior to the date of the scheduled argument. The appellant or his designated representative may appear before the Board to present argument, but failure to appear will not prejudice the case.

The procedure at oral argument is informal. Argument is first presented by the appellant or his representative, then the Director's representative makes a statement, following which the appellant is given an opportunity for rebuttal. As the Board's jurisdiction is appellate, new or

additional evidence may not be introduced. Oral argument must be confined to the evidence in the case record or to the legal issue raised. There is no provision for introduction of testimony or interrogation of witnesses.

The Board strives to process appeals in the order in which they are filed and as expeditiously as possible. The only difference in procedure between cases submitted on the record and oral argument cases is that, in the latter, the parties have an opportunity to argue points which they consider significant. Every appeal is reviewed by a panel of Board members, who read the case record and review the contentions raised on appeal. All evidence is carefully considered before a decision is reached. The Board endeavors to maintain a high standard of appellate review and to achieve, through its procedures, a just decision in every appeal. The Board's decision includes a written opinion setting forth the relevant facts, conclusions reached, and the applicable law and analysis upon which the Board based its decision. A copy of the Board's decision is sent on the day it is issued.

Decisions of the Board are comprehensive and constitute a valuable source of precedent which serves to guide the OWCP in the adjudication of claims and as reference for injured employees, attorneys, and others concerned with issues in the field of worker's compensation. At the end of each fiscal year the Board selects decisions to be assembled and printed in volumes. There is an Index Digest of the Board's decisions, supplements to which are published periodically. Volumes of Decisions of the Employees' Compensation Appeals Board and the Index Digest may be purchased from the Superintendent of Documents, U.S. Government Printing Office, Washington, D.C. 20402. They are also distributed by the Printing Office to depository libraries of each State (university and law school libraries; local and state bar association libraries), all district offices of the OWCP and certain other offices of the Department of Labor throughout the United States.

Although most appeals are processed to conclusion by a decision of the Board, following complete review of the case, other types of action may be taken during the preliminary processing of the appeal. For example, an appellant may request permission to withdraw the appeal at any stage in the proceedings in order to reopen the claim and submit new or additional evidence to the OWCP. The Director of the OWCP may file a motion to dismiss the appeal, for reasons fully stated; or file a motion to remand the case to the OWCP for further appropriate proceedings. A copy of any motion filed by the Director is mailed to the appellant, who is given an opportunity to reply. In such cases, after due consideration, the Board will issue a formal order and furnish a copy to each party in interest.

Within the discretion of the Board, at any stage of the appeal, an appellant or the designated representative may inspect the case record in the office of the Clerk of the Board in Washington, D.C. Arrangements may also be made for inspection of the case record in offices of the U.S. Department of Labor in other cities.

All fees for legal services performed in connection with an appeal require the approval of the Board. Receipt of any fee or other consideration for such legal services without approval is a misdemeanor. Disbursements for such items as travel, telephone calls, postage, etc. do not require approval; they are a matter for adjustment between attorney and client. An application for approval of a fee for legal services should not be submitted to the Board until after an appeal is closed. It must be accompanied by an itemized statement of the time and character of the work performed solely in connection with the appeal, and must state the amount of the fee requested. The Board will mail a copy of the fee application to the appellant, who is given the opportunity to comment. The Board then reviews the application and will approve a fee in the amount which it considers fair and reasonable. The payment of any fee approved by the Board is the responsibility of the appellant. Legal services performed before the OWCP require a separate fee application to be submitted to the OWCP for approval.

# EXHIBIT 3

U.S. DEPARTMENT OF LABOR

*Employees' Compensation Appeals Board*

Washington, D.C. 20210

---

## PROCESSING AN APPEAL

APPEALS: The Employees' Compensation Appeals Board (Board) is an appellate body with jurisdiction to consider and decide appeals from the final decisions of the Office of Workers' Compensation Programs (Office). The Board is independent of and a separate agency distinct from the Office. Once a final decision has been issued by the Office, an appeal may be filed with the Board for up to one year from the date of the Office's decision. The Board does not have authority to authorize requests for medical treatment or other matters relating to the claim during the processing of the appeal. The Board strives to process appeals in the order in which they are filed and as expeditiously as possible.

REPRESENTATION:   An appellant may be represented before the Board by an attorney, union representative, or other individual.   The appellant must submit a signed statement authorizing his/her representation before the Board, either by completing items number 8 and 9 on the Application for Review (AB-1) Form or submitting a separate signed statement of authorization. All fees for legal services performed require the approval of the Board. The payment of any fee approved by the Board is the responsibility of the appellant.

NEW EVIDENCE: After the appeal is docketed, a request is made by the Board to the Office to forward the case record. The Board's review of a case is limited to that evidence which was in the case record at the time the Office issued it's final decision. *New or additional evidence may not be submitted for consideration by the Board.* Should you have new evidence you wish to have considered by the Board, a written request for reconsideration may be addressed to the district office of the Office for the area in which you reside.

ORAL ARGUMENT: Oral Argument may be requested before the Board and is held only in Washington, D.C. The Board does not pay for travel or incidental expenses related to attending oral argument. The scheduling of the date for oral argument can be expected to add to the time in which the appeal is processed. If oral argument is not requested, the appeal will be considered by the Board based on the case record as submitted by the Office. Oral argument before the Board should not be confused with a hearing before an Office hearing representative. There is no provision for the introduction of new evidence or testimony or questioning of witnesses. Oral argument is appellate in nature and must be confined to the evidence in the case record and the issues raised.

BOARD DECISIONS: *The Board will issue a written decision or order in every appeal which sets forth the* relevant facts of the case, the applicable law, and the reasoning upon which the Board based its action. A copy of the Board's final decision will be sent to you and any duly authorized representative. Please notify the Board of any change of address during the pendency of an appeal.

PETITION FOR RECONSIDERATION:  If you are not satisfied with the decision of the Board, a petition for reconsideration may be filed within 30 days from the date of the Board's decision. The petition should set forth the error of fact or law that you think the Board made; not just that you disagree with the decision. If no petition for reconsideration is filed, the decision of the Board becomes final after 30 days. A decision of the Board is final as to the subject matter appealed and is not subject to court review. After a decision of the Board becomes final, any further request to reopen the claim must be submitted to the district office of the Office for the area in which you reside.

R: 1/95

# EXHIBIT 4

U.S. Department of Labor

Employees' Compensation Appeals Board
Washington, D.C. 20210



August 9, 2001

RE:

OWCP File No.        250504608

Dear

Your request for appeal is being processed. It has been assigned **Docket Number 2001-1944**. Please refer to this number in all future correspondence with the Board.

In conformance with the Board's Rules of Procedure, a copy of the Application for Review has been served on the Director of the Office of Workers' Compensation Programs (OWCP), who is allowed 60 days within which to file a responsive motion or pleading and forward the case record to the Board.

The Board's phone number in Washington, D.C. for ECAB inquiries is **(202) 693-5037**, please refer to this number when calling about the status of your appeal. If the above number is unavailable please call (202) 693-6360, and the Board's fax number is (202) 693-6367.

By direction of the Board,

Terry A. Wallace
Clerk of the Board

TAW:KGIL

Enclosures: Rules of Procedure, Board Procedures, Processing an Appeal

cc: