UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | Civil Action No. |
| Plaintiff | ) | 1:05-cv-02449-RBW |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF LABOR, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

## INTRODUCTION

Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment ("defendants' motion") established that defendants United States Department of Labor (the "Department" or "DOL") and the Secretary of Labor are entitled to dismissal or summary judgment of Doe's Privacy Act claim for the allegedly wrongful disclosure to the public of medical information contained in a published decision of DOL's Employees' Compensation Appeals Board ("ECAB" or the "Board"). Doe's Opposition to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment ("Doe's opp. brief") does not effectively refute any of the grounds for defendants' motion, namely, that Doe's Privacy Act claim for damages is time-barred, that the challenged conduct falls within the routine use exception to the Privacy Act, that there was no intentional or willful violation of the Privacy Act, and that Doe failed to

exhaust his administrative remedies for his claim for injunctive relief under the Privacy Act.[1]

As an overarching matter, Doe fails to adduce any genuine issues of material fact to preclude judgment in favor of defendants. His so-called statement of material facts in dispute does not contain facts, but rather consists of unsubstantiated allegations and inadmissible hearsay, and, in any event, does not contain any facts that are material in any way to the issues before the Court.

Doe's response to defendants' statute of limitations argument is to erroneously focus on when he discovered that his ECAB decision had been posted on ECAB's website, rather than on when he should have known that his ECAB decision was made public. He also attempts to recast his wrongful disclosure claim as being limited to the posting of his ECAB decision on the internet, as opposed to in other media, but his Complaint and his opposition brief defy such a cramped reading of his claim.

Doe responds to defendants' routine use argument primarily by arguing that ECAB can achieve its goal of creating a body of published precedent without publishing medical information contained in its decisions. Doe contends that his ECAB decision supports this argument, but it in fact shows the opposite – that medical information is highly relevant to workers' compensation claims and cannot be redacted from ECAB decisions without gutting those decisions.

Doe's argument that the Department's conduct in publishing medical information in Doe's ECAB decision was intentional or willful ignores the notices of routine use that permit the

---

[1]Doe concedes that his common law tort claim for invasion of privacy has no statutory basis and must be dismissed. (Doe's opp. brief at 13).

agency to publish medical information contained in ECAB decisions consistent with the Privacy

Act. Similarly, his argument that he did exhaust his administrative remedies for his claim for

injunctive relief under the Privacy Act ignores the specific relief that his Complaint requests. It

is undisputed that Doe did not ask the Department for the relief that he asks the Court to grant –

that is, for the removal of medical information from his ECAB decision. Doe's efforts before the

agency were instead directed towards obtaining the removal of his ECAB decision, in its

entirety, from all published sources.

Accordingly, the Court should grant defendants' motion.

### ARGUMENT

I.    THERE ARE NO MATERIAL FACTS IN DISPUTE.

At the outset of his opposition to defendants' motion, Doe contends that there are a

number of factual disputes that preclude dismissal of his Complaint or the entry of summary

judgment in favor of defendants. (Doe's opp. brief at 1-2).[2] None of the asserted "material facts

in dispute," which are actually either unsupported allegations or inadmissible hearsay, have any

bearing on the grounds for dismissal or summary judgment set forth in defendants' motion.

As a preliminary matter, many of the "facts" in Doe's statement of material facts are not

included in the declaration of J. Michael Hannon ("Hannon decl."). – the only factual material

submitted by Doe in support of his opposition to defendants' motion, and the only reference to

the record provided by Doe to support his statement of material facts. Hannon's declaration

---

[2]Doe's contention that defendants have not provided the Court with a statement of undisputed material facts in support of their summary judgment motion is unfounded. (Doe's opp. brief at 1-2). Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, at 2-4, contains a statement of facts with references to the record, in compliance with Local Civil Rule 7(h).

merely relates the contents of two conversations that he allegedly had with an attorney from the

Department of Labor, in which the attorney allegedly told him that the Department had received

complaints from federal employees about the publication of medical information in DOL

opinions posted on DOL's website; that some of these complainants told the attorney they

suffered adverse consequences as a result of these disclosures; that the Solicitor for the

Department was aware of the "issue"; and that the Department had considered, but ultimately

rejected, blocking Google searches of its website as a way to "sanitiz[e]" the posted opinions.

(Hannon decl.).  The following alleged "material facts in dispute" (identified by paragraph

number from Doe's numbered statement at pages 1-2 of his brief) are not contained in the

Hannon declaration and are completely unsupported by the record:

> 3.    "Other federal agencies routinely avoid this problem by the use of pseudonyms
> and careful drafting of opinions.  DOL is aware that other agencies utilize these
> practices."

> 4.    "The federal courts, in matters involving confidential grand jury information,
> state secrets, or proprietary information routinely craft their opinions in such a
> manner as to protect this type of information."

> 7.    "Plaintiff contends that the sole reason why DOL has done nothing to remedy this
> situation is bureaucratic obstinacy and callous disregard for the privacy rights of
> millions of federal employees.  The solution is quite simple."

These unsupported "facts" should be stricken from Doe's statement of material facts.  See Local

Civil Rule 56.1 (requiring an opposition to a summary judgment motion to be accompanied by a

separate statement of material facts in dispute, "which [statement] shall include references to the

parts of the record relied on to support the statement").

Moreover, the Hannon declaration consists entirely of hearsay and double hearsay. For this reason alone, the Court should disregard it. See Fed. R. Civ. P. 56(e) (affidavits submitted supporting or opposing summary judgment "shall be made on personal knowledge" and "shall set forth such facts as would be admissible in evidence"); Fed. R. Evid. 802 (hearsay is not admissible); Commercial Drapery Contractors, Inc. v. United States, 133 F.3d 1, 8 (D.C. Cir. 1998) (affidavit consisting of inadmissible hearsay not sufficient to defeat summary judgment); Singleton v. Potter, 402 F. Supp. 2d 12, 37 (D.D.C. 2005). As noted above, Hannon relates what a DOL attorney purportedly told him in two conversations, for the purpose of establishing the truth of what the attorney told him. (Hannon decl. at 1-2). The declaration contains double hearsay in that Hannon states that the DOL attorney told Hannon that complainants told the DOL attorney that they suffered adverse consequences as a result of the disclosure of medical information on the internet. (Id. at 1).

In any event, none of the assertions in the Hannon declaration are material to the issues before the Court. The issue in this case is whether the Department of Labor violated the Privacy Act when it disclosed Doe's ECAB decision, which contained Doe's medical information, to the public. Whether or not other people believe that similar disclosures violated their rights under the Privacy Act is irrelevant to Doe's claim that his rights were violated. Similarly, what the Department knows about other people's complaints and what the Department has or has not done in response to those complaints is irrelevant to Doe's claim. The fact that Doe has asserted class action allegations in his Complaint does not absolve him of the responsibility to timely file his Complaint and to establish liability in his case. If Doe's claim is time-barred, which it clearly is,

he cannot bring it, regardless of whether or not the Department of Labor has violated anyone else's rights under the Privacy Act. Indeed, it is well established that a named plaintiff whose claim is time-barred cannot represent the claim on behalf of a class. See, e.g., Piazza v. EBSCO Industries, Inc., 273 F.3d 1341, 1349 (11th Cir. 2001); Great Rivers Co-op of Southeastern Iowa v. Farmland Industries, Inc., 120 F.3d 893, 899 (8th Cir. 1997).

Doe has not shown how any of the asserted "material facts in dispute" are material to the issues raised in defendants' motion. They are not, as we demonstrate below.

II.    DOE'S PRIVACY ACT CLAIM FOR DAMAGES IS BARRED BY THE
       STATUTE OF LIMITATIONS.

We established in our opening brief that Doe's Privacy Act damages claim is time-barred because he failed to file it within two years of when the cause of action accrued. (Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment ("defendants' opening brief") at 7-9). Doe's Privacy Act claim accrued when he knew or should have known of the alleged violation – the disclosure to the public of medical information contained in Doe's ECAB decision. Tijerina v. Walters, 821 F.2d 789, 798 (D.C. Cir. 1987); Farrero v. NASA, 180 F. Supp. 2d 92, 95-96 (D.D.C. 2001). On August 9, 2001, ECAB's Clerk's Office sent Doe the Board's rules and procedures. Those documents notified Doe of the public nature of the ECAB docket and of any ECAB decision in his case. They specifically informed Doe that the Board's written decisions are published for the benefit of the public. Doe was on notice, as of August 9, 2001, that a decision in his case, which would include relevant factual information, would be a public document that could be selected for publication and widely distributed to the public. (Defendants' opening brief at 7-9).

On April 23, 2002, ECAB issued its written decision in Doe's case. At that time, Doe

6

learned that the decision contained medical information relevant to the disposition of his appeal.

Doe's ECAB decision was published to the public shortly after it was issued.  (Declaration of

David Gerson at ¶¶ 5, 6, attached to defendants' opening brief as Ex. B).  Thus, on or about April

23, 2002, Doe knew or should have known that medical information contained in his ECAB

decision would be disclosed to the public – the alleged Privacy Act violation.  Because Doe

failed to file his Complaint within two years of that time (he waited until Dec. 20, 2005), his

claim is barred by the statute of limitations, and defendants are entitled to summary judgment on

Doe's Privacy Act claim for damages.

Doe has not adduced any material facts to dispute defendants' statute of limitations

argument.  None of Doe's purported "material facts in dispute," which concern what the

Department of Labor knew and did with respect to complaints about the publication of medical

information in ECAB decisions, are relevant to the statute of limitations inquiry, which asks

what Doe knew or should have known about his cause of action.  Nor does Doe claim, in

response to defendants' motion, that he did not receive or understand the documents that

ECAB's Clerk sent him.  It is therefore undisputed that Doe should have known the contents of

those documents.

Doe argues that his claim was timely because it was filed within two years of when he

discovered that his ECAB decision had been published on ECAB's website.  (Doe's opp. brief at

4).[3]  However, it is undisputed that Doe's Privacy Act claim accrued when he knew or should

---

[3]Doe's assertion in his brief that he first discovered that his ECAB decision was posted on ECAB's website in October 2004 is unsupported by the record.  The Complaint does not allege when he made this discovery.  (See Complaint at ¶ 21).  Doe's letter to the Department, dated Oct. 15, 2004, only states that Doe "[n]ever found out about this until recently."  (Ex. A to the Complaint at 2).  The Hannon declaration – the only declaration submitted in support of

<u>have known</u> of the alleged violation.  <u>Tijerina</u>, 821 F.2d at 798; <u>Farrero</u>, 180 F. Supp. 2d at 95-

96.  Actual knowledge of the alleged violation is clearly not required to begin the running of the

statute of limitations period.  <u>Id</u>.  Doe's statement, made in his Oct. 15, 2004 letter to the

Department, that "[n]obody ever told me it [the ECAB decision] would eventually be published

and ultimately added to the Internet and other media for the 'world' to see" (Ex. A to Complaint

at 2), goes only to what he knew, not to what he should have known, given the undisputed fact

that the Board rules and procedures were sent to him.

Doe further argues that nothing in the Board's rules and procedures that were sent to him

in August, 2001 put him on notice that his decision would be published on the internet.  But

Doe's Privacy Act claim is much broader than the posting of his ECAB decision on the internet.

Doe's Complaint challenges the public disclosure of medical information contained in his ECAB

decision, via the internet and other publically available documents.  The Complaint repeatedly

refers to the publication of the private medical information of federal employees on the internet

and in publically available documents.  <u>See</u> Complaint at introduction, ¶¶ 4, 7, 9, 10, 11, 12,

Counts I and II wherefore clauses.  The Complaint specifically notes that ECAB has "been

publishing decisions in publicly available records prior to 1998."  (<u>Id</u>. at ¶ 11) (<u>see</u> <u>also</u> <u>id</u>. at ¶

26) ("[s]ince an unknown date, ECAB Decisions and Orders have been available through print

media and through the Department of Labor's website for public viewing").  Paragraph 12 of the

Complaint alleges that the Department of Labor "has chosen to publicly disclose private and

damaging information in print and over the internet."

Beyond the Complaint, Doe's opposition to defendants' motion makes it crystal clear that

---

Doe's opposition to defendants' motion – contains no information relevant to this issue.

his claim extends to the publication of his ECAB decision in any medium.  (*See*, *e.g.*, Doe's opp. brief at 3 ("[t]he Complaint alleges that defendants violated the Privacy Act by their willful and intentional disclosure of private medical information concerning plaintiff in the Decision and Order that identified plaintiff by name, and publishing the Decision and Order on the Board's website and elsewhere"), 7 ("[e]ven publication in its published (bound) decisions [sic] on the Lexis/Nexis and Westlaw databases is a Privacy Act violation"), 8 ("[p]laintiff's suit is directed against <u>any</u> publication of Board decisions that contain his and other claimants' confidential medical information . . .") (emphasis in original)).

Doe's attempt to invoke 5 U.S.C. § 552a(g)(5)'s provision concerning agency misrepresentations is equally unavailing.  (Doe's opp. brief at 5).  Section 552a(g)(5) provides that "where an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual and the information so misrepresented is material to establishment of the liability of the agency to the individual under this section, the action may be brought at any time within two years after discovery by the individual of the misrepresentation."  Doe maintains that his statement in his Oct. 15, 2004 letter to the Department that "[n]obody ever told me it [the ECAB decision] would eventually be published and ultimately added to the Internet and other media for the 'world' to see" (Ex. A to Complaint at 2), "amounts to a misrepresentation pursuant to § 552a(g)(5)."  (Doe's opp. brief at 5).

Doe's mistaken belief that the Department never informed him of the public nature of his ECAB decision would amount, if true, to an omission on the part of the Department, not a misrepresentation, and certainly not a willful misrepresentation.  Doe's previous statement in his Oct. 15, 2004 letter that he "requested confidentiality from the USDOL/ECAB and was told over

and over again my case would remain confidential" is much too vague to establish that a willful misrepresentation occurred for purposes of § 552a(g)(5). Doe does not provide any detail about the specific conversations he had, who they were with, whether they were with OWCP or ECAB, or what he meant by "my case." As Doe points out, Department regulations provide that documents relating to claims filed with OWCP under the FECA are considered confidential, "except as provided in the Freedom of Information Act and the Privacy Act of 1974." 20 C.F.R. 10.10; Doe's opp. brief at 5 n. 3. Thus, for example, it would be perfectly consistent with this regulation and with what happened in Doe's case for an employee of OWCP to have told Doe that certain documents submitted in connection with his FECA claim would remain confidential. This would not amount to a misrepresentation that a written decision by ECAB (an entity within the Department of Labor that is completely separate from OWCP) would be published.

In short, Doe's Privacy Act claim for damages is barred by the two-year statute of limitations, which began to run on or about April 23, 2002, when he knew or should have known that medical information contained in his ECAB decision was disclosed to the public. Doe did not file his Privacy Act claim until Dec. 20, 2005, three years and eight months later. Doe's Privacy Act claim for damages is therefore time-barred, and defendants are entitled to summary judgment on that claim.

III.    THE ROUTINE USE EXCEPTION TO THE PRIVACY ACT APPLIES TO
        DOE'S CLAIM.

As set forth in our opening brief, defendants are entitled to summary judgment on Doe's Privacy Act claim for damages and injunctive relief because the medical information in Doe's ECAB decision was properly disclosed pursuant to a routine use of ECAB docket and disposition records. (Defendants' opening brief at 10-16, 21). We demonstrated that both the

10

compatibility and publication requirements of the routine use exception were met.  (Id.).

Doe's primary response to the routine use exception is to argue that it fails on compatibility grounds.  (Doe's opp. brief at 6-10).  We showed in our opening brief that ECAB's purpose in reviewing medical information relevant to appeals is compatible with its purpose in publishing such information in ECAB decisions.  (Defendants' opening brief at 13-16).  ECAB reviews medical information in order to correctly decide appeals before it.  Medical evidence is highly relevant to the typical claim before ECAB – an appeal of a denial of a FECA worker's compensation case.  ECAB publishes its decisions, including medical information relevant to the decisions, in order to create a body of legal precedent to guide claimants and OWCP in the field of workers' compensation.  See 20 C.F.R. § 10.125 (noting OWCP's reliance on ECAB decisions in making entitlement and coverage decisions under FECA).  Both of these purposes are aimed at the common goal of achieving a high standard of appellate review in light of ECAB's status as a court of last resort.  If ECAB were to remove medical information from its decisions, as Doe argues it must, it would effectively gut those decisions, preventing them from providing any guidance to claimants and OWCP.

Doe responds to this argument by asserting that medical information was not necessary to the Board's resolution of his appeal, because he provided the Board with two grounds for reversing OWCP's denial of his claim for recurrence of disability, the second of which was procedural.  The two issues that Doe presented to ECAB were (1) whether Doe in fact suffered a recurrence of disability causally related to his previous employment injury, or whether he suffered a new injury, and (2) whether Doe's request for an oral hearing before OWCP was untimely.  Doe's argument is that because the Board could have decided his appeal on the

second ground, which would not have required any medical information, medical information

was not necessary to ECAB's decision in his case.

This argument based on how the Board could have hypothetically resolved Doe's appeal

overlooks how the Board actually ruled on his appeal. Far from supporting Doe's argument, the

Board's decision in Doe's case shows just how critical his medical information was to the

decision. The Board addressed and rejected both grounds for review presented by Doe. It held

that Doe did not suffer a recurrence of the disability that he suffered while he was a Peace Corps

volunteer, but rather suffered a new injury related to his new employment with a different

agency. To arrive at this decision, the Board was required to review and rely on medical

information pertinent to the old disability and the new injury. Redacting such information from

the decision would excise both the facts and reasoning from it, making it useless as a legal

precedent. (See copy of Board decision in Doe's case, attached hereto as Exhibit A).[4]

The fact that the Board could have hypothetically accepted Doe's second, procedural

ground for reversal and never reached his substantive claim is irrelevant. The Board rejected

Doe's procedural argument regarding his request for an oral hearing, thus necessitating its

reaching Doe's substantive argument about his claim for recurrence of disability. Given that the

nature of ECAB's cases are workers' compensation cases, medical information is relevant to the

---

[4]As a courtesy to Doe, we are seeking leave to file Doe's ECAB decision, with his name redacted, under seal. We have communicated this to Doe's attorney, who consented to our motion for leave to file the decision under seal.

Doe did not attach the ECAB decision to either his Complaint or his opposition to our motion. Doe's opposition brief instead describes the issues involved in Doe's ECAB appeal without citing to the record. (See Doe's opp. brief at 7-8). Doe's heavy reliance on the substance of his ECAB decision necessitates our attaching it as an exhibit to this brief.

vast majority of ECAB appeals.[5]  That some cases may be decided on procedural grounds does

not undermine the importance of medical information to ECAB decisions generally or to Doe's

ECAB decision in particular.

Doe also argues that the compatibility requirement for the routine use exception is not

met here because there are other ways that ECAB could publish its decisions, with medical

information intact, while still protecting appellants' privacy.  (Doe's opp. brief at 9-10).  Doe

seeks to import a least-intrusive-means test to the Privacy Act's routine use analysis, without any

legal authority.  There is no such test or requirement for the routine use exception.  Moreover,

Doe's suggestion that ECAB redact appellants' names from its published decisions exceeds the

scope of what he is asking for in this Privacy Act case.  Critically, his suit does not ask that his

name be redacted from his ECAB decision; it very specifically asks only that the Department be

ordered to remove medical information from his published ECAB decision.  (See Complaint at

Counts I, II).  The Department's position on redacting appellants' names from published ECAB

decisions, or what measures it might voluntarily undertake in the future, is simply irrelevant to

this lawsuit.

It is unclear what Doe's argument about the routine use exception's publication

requirement is.  (Doe's opp. brief at 10).  He argues that the notices of routine use for ECAB

docket and disposition records are inadequate because they do not "justif[y] publishing decisions

on the Internet or elsewhere when the decisions disclose confidential medical information

---

[5]Because entitlement to FECA benefits cannot be established without detailed medical evidence, the precedent that guides the FECA program must describe in detail the medical evidence in an individual case in order to explain to the claimant, as well as others seeking guidance about the type of medical evidence needed to establish a claim, the deficiencies of the medical evidence submitted.

associated with particular claimants in violation of the Privacy Act." (Id.).  But an agency is not required in its published notice of routine use to "justify" its routine uses of records.  An agency must publish in the Federal Register a notice of "each routine use of the records contained in the system, including the categories of users and purpose of such use."  5 U.S.C. § 552a(e)(4)(D).  The publication requirement is intended to provide notice to individuals as to what information concerning them will be released and the purposes of such release.  See Britt v. Naval Investigative Service, 886 F.2d 544, 548 (3d Cir. 1989).

The routine use notices for ECAB docket and disposition records meet this standard.  The purpose of maintaining ECAB docket records, which include final disposition records, is "[t]o maintain records of appeals and track appeals through processing and disposition operations." 67 Fed. Reg. 16816, 16867 (April 8, 2002).  The purpose of maintaining ECAB disposition records is "[t]o maintain formal records of appeal dispositions determined by the Employees' Compensation Appeals Board."  Id.  The description of routine uses for ECAB disposition records provides that "Board final decisions and/or orders are public documents and are accessible to interested persons.  Precedent setting decisions are sent to the U.S. Government Printing Office (GPO) for publication in an annual Volume, which is available for sale from the GPO, and deposited in over 500 Federal Depository Libraries throughout the country."  Id. Previous versions of this routine use notice elaborated that ECAB decisions "are used by law schools, law libraries, the Office of Workers' Compensation Programs, the Office of the Solicitor of Labor, attorneys and those members of the general public interested in federal workers' compensation."  58 Fed. Reg. 49548, 49595 (Sept. 23, 1993); 55 Fed. Reg. 7084, 7116 (Feb. 28, 1990).  The routine use notice for ECAB disposition records also states that "[r]ecent decisions

14

are maintained in hard copy form in binders in the ECAB library; older decisions are published

in bound volumes.  Published volumes are also on deposit in designated Federal Depository

Libraries, and on the ECAB'S Internet Website."  67 Fed. Reg. at 16867.  These notices provide

adequate notice that the purpose of publishing ECAB decisions is to create a body of precedent

of ECAB final decisions.[6]

Both routine use notices for ECAB docket and disposition records explain that published

ECAB decisions are indexed by the appellant's last name and by category of medical condition,

and that unpublished decisions can also be cross-referenced to the appellant's name.  Id. at

16867-68.  These notices are sufficient to put individuals on notice that their ECAB decisions

will be made public, that they will be indexed by their names, and, because ECAB decisions are

workers' compensation cases, that they will contain relevant medical information.  (See

defendants' opening brief at 10-13).

IV.    DOE CANNOT MEET THE INTENTIONAL OR WILLFUL STANDARD FOR
       DAMAGES UNDER THE PRIVACY ACT.

Doe's argument that the Department's conduct in publishing medical information in

Doe's ECAB decision was intentional or willful ignores the notices of routine use that permit the

agency to publish medical information contained in ECAB decisions consistent with the Privacy

Act.  Given the routine use notices, department officials had every reason to believe that their

conduct in publishing unredacted ECAB decisions was lawful.  That individuals may have

---

[6]Doe's ECAB decision itself also contains citations to other ECAB decisions, by name, providing further notice to Doe of the public nature of his decision.  (See Ex. A at 2-3).  OWCP's published regulations and procedures also contain citations to ECAB cases.  See, e.g., 20 C.F.R. § 10.321 (describing the statutory process of resolving conflicts in medical evidence and citing ECAB caselaw).

complained that they were harmed by such publication does not make the publication unlawful. Likewise, that Department officials may have known about such complaints does not mean that they intentionally or willfully violated the Privacy Act, as those terms are understood under the Privacy Act.  (See defendants' opening brief at 17-18).

V.    DOE FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES WITH
      RESPECT TO HIS CLAIM FOR INJUNCTIVE RELIEF.

Doe's argument that he did exhaust his administrative remedies with respect to his claim for injunctive relief wholly ignores the relief that his Complaint requests.  (Doe's opp. brief at 12-13).  Doe's Complaint specifically requests, for the first time, that the Department of Labor "remov[e] . . . [Doe's] private medical information from publicly available materials and the internet."  (Complaint at Counts I-II).  It does not ask that his ECAB decision be removed from the internet and from other locations where it is published (which is what he requested administratively from the Department), nor does it ask that his name be removed from the decision.  Doe did not exhaust his administrative remedies with respect to the injunctive relief he now seeks because he never gave the Department the opportunity to respond to his current request to redact medical information from his ECAB decision.

16

## CONCLUSION

For all the foregoing reasons, as well as the reasons set forth in the Memorandum of

Points and Authorities in Support of Defendants' Motion to Dismiss, or in the Alternative, for

Summary Judgment, defendants Department of Labor and Secretary of Labor Chao respectfully

request that the Court dismiss or enter judgment in defendants' favor on Doe's Privacy Act

claim, and dismiss for lack of subject matter jurisdiction Doe's common law invasion of privacy

claim.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director


 s/ Marcia Berman
MARCIA BERMAN
Trial Attorney
(PA Bar No. 66168)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.  Room 7204
Washington, D.C.  20530
Tel.: (202) 514-3330
Fax: (202) 616-8470
Email:  marcia.berman@usdoj.gov

Attorneys for Defendants.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 27, 2006, a true and correct copy of the foregoing Defendants' Reply Memorandum in Support of Their Motion to Dismiss, or in the Alternative, for Summary Judgment, was served upon plaintiffs' counsel of record at the address listed below:

<u>Via ECF</u>:

J. Michael Hannon
THOMPSON, O'DONNELL, LLP
1212 New York Avenue, NW
Suite 1000
Washington, DC 20005
(202) 289-1133
Fax: (202) 289-0275
Email: jmh@tomnh.com


  s/ Marcia Berman
MARCIA BERMAN