UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>           Plaintiff<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF LABOR, et al.<br><br>           Defendants. | Civil Action No.<br>1:05-cv-02449-RBW |

## DEFENDANTS' SHOW CAUSE FILING

Pursuant to the Court's Order and Opinion issued on September 6, 2006, in which the Court ordered defendants to "show cause . . . why the Court should not enter an order requiring the removal of any publicly-accessible copies of the plaintiff's ECAB decision within the defendants' control, pending final resolution of this case, that contain the plaintiff's name or similar identifying information," defendants United States Department of Labor and the Secretary of Labor submit the following show cause filing.[1]

## BACKGROUND

This case involves a claim by plaintiff John Doe that the Department of Labor violated his rights under the Privacy Act, 5 U.S.C. § 552a, by publishing his medical information

---

[1] Defendants reserve their right to appeal the September 6, 2006 Order and Opinion if and when the Court orders injunctive relief. Defendants in no way waive their right to appeal with this show cause filing, which the Court ordered defendants to file, nor do defendants concede in any way that injunctive relief is appropriate. For all of the reasons set forth in Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, and reply in support thereof, injunctive relief is not required or appropriate.

contained in a decision of the Employee Compensation Appeals Board ("ECAB"), an appellate board of the Department of Labor.  On September 6, 2006, the Court entered an Order and Memorandum Opinion granting defendants' motion for summary judgment on Doe's claim for damages, denying defendants' motion to dismiss Doe's claim for injunctive relief, and denying defendants' motion for summary judgment on Doe's claim for injunctive relief.  Doe v. U.S. Department of Labor, -- F. Supp. 2d --, 2006 WL 2615101 (Sept. 6, 2006).

The Court denied defendants' motions on Doe's injunctive relief claim because it found that Doe had exhausted his administrative remedies and that the publication of Doe's ECAB decision did not qualify under the Privacy Act's routine use exception, 5 U.S.C. § 552a(b)(3).  The Court held that the disclosure of Doe's ECAB decision to the public without the redaction of his name or other details directly revealing his identity was incompatible with the purpose for which this information was collected and was not, therefore, a permissible routine use of the unredacted decision.  2006 WL 2615101 at * 13-14.  The Court found that it was permissible for ECAB to publish personal medical information in Doe's ECAB decision, but that it violated the Privacy Act to not redact his name from that decision.  Id.

The Court rejected Doe's claim for damages under the Privacy Act, finding that ECAB's conduct in publishing Doe's unredacted decision did not amount to the type of intentional or willful conduct required to justify an award of damages under the Privacy Act.  Id. at * 16-18.  The Court found that while it ultimately concluded that publication of Doe's unredacted ECAB decision violated the Privacy Act, defendants had a reasonable basis for believing that publishing Doe's ECAB decision in unredacted form was permitted by the Privacy Act, since "at the time that [Doe]'s unredacted ECAB decision was published, no court had yet concluded, as this Court

has now done, that publishing an appellant's name in this context did not constitute 'routine use' which was exempted under the Privacy Act." Id. at * 16.

Although the Court denied defendants' motion for summary judgment as to Doe's injunctive relief claim, it did not grant Doe the injunctive relief that he requested because Doe did not cross-move for summary judgment. Id. at * 7 n. 11.  Instead, the Court ordered defendants to "show cause . . . why the Court should not enter an order requiring the removal of any publicly-accessible copies of the plaintiff's ECAB decision within the defendants' control, pending final resolution of this case, that contain the plaintiff's name or similar identifying information." Id. at * 19.  The Court recognized that its ability to grant injunctive relief is limited to the parties in the case before it; thus "to the extent that the plaintiff is asking the Court to order the redaction of *all* appellant names from ECAB's published decisions containing confidential medical information, such relief is beyond the Court's authority to provide. Id. at * 11 n. 17.[2]

**ARGUMENT**

THE COURT NEED NOT ORDER THE DEPARTMENT TO TAKE FURTHER ACTION PENDING FINAL RESOLUTION OF THIS CASE.

In accordance with the Court's show cause order, the Department identified all publicly-accessible copies of Doe's ECAB decision within the Department's control.[3]  (Supplemental Declaration of David Gerson ("Supp. Gerson Decl.") at ¶ 1, attached hereto as Exhibit 1).  A copy of that decision is accessible to the public at ECAB at the Department of Labor, 200

---

[2] The Court declined to certify Doe's claim as a class action. Id. at * 1 n. 3.

[3] Defendants do not consider decisions provided to commercial publishers or cases printed in volumes by the Government Printing Office to be within the Department's control.

Constitution Ave., NW, Washington DC  20210.  Id.  A copy of the decision was also posted on the Department of Labor's ECAB Website.  Id.  These copies of Doe's ECAB decision are available only to those who come to the ECAB offices in Washington to view the hard copy or to those who visit the Department of Labor Website and search within that Website by specific search terms, such as Doe's name.  The Department has already taken steps, independent of this lawsuit, to limit accessibility to the Website version of ECAB decisions through a general name search using a commercial search engine.  Id. at ¶ 3.  Thus, access to Doe's ECAB decision requires an affirmative effort on the part of a member of the public to search for a particular published decision.  Because Doe's ECAB decision is available on commercial legal research services, e.g. Westlaw and CyberFEDS, redacting copies of the decision within the Department's control will not completely prevent any future disclosure of the information.  Id. at ¶ 1.

In addition, little would be achieved by ordering the Department to take further action regarding Doe's ECAB decision "pending final resolution of this case" because there is nothing left to resolve, other than the entry of a final order.  Although this Court has concluded that the ECAB's issuance of a final decision in Doe's case without redacting Doe's name violated the Privacy Act, it further found that Doe was not entitled to damages for that violation, and concluded it lacked jurisdiction to order the Department to take any action with respect to decisions involving parties not before the Court.[4]

---

[4] The Court was clearly correct in not granting broader injunctive relief and should not revisit that holding.  Independent of this lawsuit, as of August 1, 2006, the Department of Labor voluntarily decided to cease the practice of referring to the appellant's name in ECAB decisions posted on DOL's Website on or after August 1, 2006.  (Supp. Gerson Decl. at ¶ 2).  Pursuant to this new policy, the caption of an ECAB decision and/or order issued on or after August 1, 2006 will display only the appellant's initials, and those initials should be used in citations to the decision.  (Id.).  The policy applies prospectively only, not to the decisions already in the public

**CONCLUSION**

The Court need not enter an order requiring the Department to remove Doe's name from copies of his ECAB decision within the Department's control because those copies are not readily available to members of the public who are not searching for a particular decision. For all the reasons set forth above and in Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, and reply in support thereof, injunctive relief is not required or appropriate.

        Respectfully Submitted,

        PETER D. KEISLER
        Assistant Attorney General

        JEFFREY A. TAYLOR
        United States Attorney

        ELIZABETH J. SHAPIRO
        Assistant Branch Director

---

domain. (Id.). DOL determined that applying the new policy retroactively to thousands of ECAB decisions already in the public domain would be extremely burdensome. (Id. at ¶¶ 2, 6). DOL implemented this policy change in response to concerns raised by some appellants about the ease of access to their case decisions on the Internet, not in response to any legal requirement or decision. (Id. at ¶ 2).

    This policy effectively moots any need for broader injunctive relief for ECAB cases decided after August 1, 2006. Any order requiring the Department to redact all appellants' names from publicly-accessible ECAB decisions within the Department's control that were issued before August 1, 2006, would cause serious confusion with respect to decisions that have been cited, and relied upon as precedent, using claimants' names by parties before the ECAB and by courts that have considered issues under the Federal Employees' Compensation Act. (Id. at ¶¶ 4-6). Such an order also would be extremely burdensome for the Department. (Id.). Removing all of these appellants' names from publicly-accessible ECAB decisions within the Department's control would require reading through all ECAB decisions and removing citations within those decisions that contain appellants' names, making the process even more burdensome. (Id.). Even if ECAB were to undertake this effort, it would do little to limit public access to these decisions because they are available from various commercial reporting services. (Id. at ¶ 1).

     s/ Marcia Berman
MARCIA BERMAN
Trial Attorney
(PA Bar No. 66168)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.  Room 7204
Washington, D.C.  20530
Tel.: (202) 514-3330
Fax: (202) 616-8470
Email:  marcia.berman@usdoj.gov

Attorneys for Defendants.

CERTIFICATE OF SERVICE

    I hereby certify that on September 29, 2006, a true and correct copy of the foregoing Defendants' Show Cause Filing was served upon plaintiffs' counsel of record at the address listed below:

Via ECF:

J. Michael Hannon
HANNON LAW GROUP, LLP
1901 18th Street, NW
Washington, DC 20009
(202) 232-1907
Fax: (202) 232-3704
Email: jhannon@hannonlawgroup.com

                                          s/ Marcia Berman
                                          MARCIA BERMAN