```
IN THE UNITED STATES DISTRICT COURT FOR THE
               DISTRICT OF COLUMBIA

John Doe,                      )
     Plaintiff,                )
                               )
v.                             )      CASE NO. 1:05CV02449
                               )      Judge Walton
U. S. Department of Labor      )
et al.                         )
                               )
                               )
     Defendants                )
                               )
```

**Exhibit 1**

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| John Doe,<br>    Plaintiff,<br><br>v.<br><br>U. S. Department of Labor<br>et al.<br><br><br>    Defendants | CASE NO. 1:05CV02449<br>Judge Walton |

SUPPLEMENTAL DECLARATION OF DAVID GERSON

I, David Gerson, do hereby state and declare that:

I am a Judge of the Employees' Compensation Appeals Board (ECAB), United States Department of Labor, and in that capacity, I am familiar with the processing of ECAB appeals under the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101, et seq., 20 C.F.R. Part 501.  Since my appointment as an alternate ECAB member on May 31, 1981, I have been involved with the process by which ECAB selects cases for inclusion in the printed ECAB volumes published by the Government Printing Office and am familiar with the various ways in which decisions are made available to the public.

1.   A decision in Doe's ECAB case (which formed the subject of the instant Privacy Act case) was issued on April 23, 2002. There are two copies of that decision which remain within ECAB's control and are accessible to the public.  The first copy of the

decision is accessible to the public at ECAB's office at the Department of Labor at 200 Constitution Ave, N.W., Washington, D.C. 20210. The second copy of the decision in Doe's case is posted on the ECAB Website. While copies of this decision are also available through commercial legal research services, e.g., Westlaw and CyberFEDS, such copies are no longer within ECAB's control. There is no identifying information in the body of the decision.

2. As of August 1, 2006, the ECAB, along with the rest of the Department of Labor, changed its practice of using names in the captions of decisions. The ECAB explained its policy change in this notice on the DOL Website:

Note: Effective August 1, 2006, the Employees' Compensation Appeals Board (ECAB) will no longer display the claimant's full name in its decisions. The 1996 e-FOIA amendments required agencies to publish adjudicatory decisions on the Internet. To limit a claimant's exposure on the Internet, the Department of Labor (DOL) will avoid referring directly to the claimant's name in decisions posted on the DOL web site on or after August 1, 2006. The policy applies prospectively only. (DOL's Office of Administrative Law Judges is adopting a similar policy for Black Lung Act and Longshore Act cases on August 1, 2006.) Decisions already on the DOL web site and published elsewhere are already in the public domain and will not be changed. The caption of a decision and/or order issued on or after August 1, 2006, will display only the claimant's initials and those initials should be used in citations to the decision. The initials used in the caption will be the first letter of the first name and the first letter of the last name. Middle initials, middle names and prefixes or suffixes will not be used in the caption. For opinions affected by this policy, two initials rather than the name will be used for citation purposes. (For example: CC, Docket No. 2006-XXX (issued August 2, 2007).)

This policy is intended to protect FECA claimants from unnecessary publicity; it is not based upon a legal requirement. Neither FOIA, nor the Privacy Act, nor any other law compels DOL to take this action. Rather, this policy is based on a desire to address in a responsible way concerns raised by some claimants about the ease of access to their case decisions on the Internet. The policy seeks to comply with legal requirements to make agency decisions available on the Internet, but to do so in a way that limits a claimant's exposure to Internet users.

http://www.dol.gov/ecab/welcome.html#NamePolicy

A decision was made, in conjunction with a number of DOL adjudicatory boards, to take this action prospectively. This decision was based on both the tremendous burden of redacting old cases and the confusion that would be caused by having individual cases captioned one way on the DOL Website/public folders and another way in the printed ECAB volumes, Westlaw, Lexis and other commercial entities.

3. In addition, the Department has taken steps to insulate the decisions posted on the Internet from the reach of major, widely-used search engines. The Department has implemented the use of a code that advises intruding search engines that access is restricted and that material in the files containing agency decisions should not be indexed. Such a restriction is honored by the major search engines and results in a broken link that is eventually discarded by the search engine companies. The Department has also changed certain URLs in an effort to further prevent inadvertent access to its decisions. While a searcher may still gain access to a decision by entering the DOL Web site through the Error message generated by a broken link, the Department has asked the major search engine companies to discard these links as soon as possible.

4. Approximately 48,432 decisions that contain appellant names are kept in folders, i.e., binders, at ECAB and may be reviewed

4

by any member of the public who visits the office. Approximately 19,790 decisions containing appellant names, dating from 1998, are posted on the DOL Website. These ECAB decisions may be viewed at:

http://www.dol.gov/ecab/decisions.htm

5. Many of these publicly accessible decisions are precedential and thus are cited and relied on as precedent by the parties appearing before ECAB. Moreover, such precedential decisions contain footnotes with other cases cited by name and docket number, so redaction of these decisions would require that each decision be read, then physically copied and then the case heading and any citations it contains would have to be redacted and recaptioned. The recaptioned copies would then have to be put back in the binders and rescanned for reposting on the DOL Website. (In addition, also posted on the DOL Website are copies of the print digests and decisions containing appellant names dating back to 1988.)

6. Such a huge redaction procedure for cases issued in the past would be extremely burdensome for ECAB and would create confusion in citing cases as legal precedent. In past practice, the common

denominator when citing cases to ECAB and to federal courts has been the first and last name of the appellant.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on the 29th of September 2006.

*[signature]*

DAVID GERSON, JUDGE
EMPLOYEES' COMPENSATION APPEALS BOARD
U.S. DEPARTMENT OF LABOR