# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN DOE,                              :
                                       :
              Plaintiff,               :        Case No.: 1:05-CV-02449 RBW
                                       :
        v.                             :
                                       :
UNITED STATES                          :
DEPARTMENT OF LABOR, et al.            :
                                       :
              Defendants.              :

### PLAINTIFF'S RESPONSE TO DEFENDANT'S SHOW CAUSE FILING

Plaintiff John Doe, by and through his attorneys, HANNON LAW GROUP, respectfully submits this Response to Defendants' Show Cause Filing.

## FACTUAL BACKGROUND

This case involves the Defendants' violation of Plaintiff John Doe's privacy under the Privacy Act, 5 U.S.C. § 522a.[1]  The Department of Labor identified plaintiff by name and made available to the public medical information contained in an April 23, 2002, decision of the Employee Compensation Appeals Board ("ECAB").  Compl. at ¶ 20.  Plaintiff filed a class action complaint with this Court on December 20, 2005, in response to the above mentioned privacy violation, seeking injunctive relief and damages.[2]

In response, Defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment on March 3, 2006.  The Defendants argue in that Motion that Doe failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) because he failed to exhaust his administrative remedies before pursuing this action.  Defs.'

---

[1]    Plaintiff is using John Doe as an alias to avoid further damage to his reputation and/or personal and professional opportunities.

[2]    This Court did not certify Doe's claim as a class action.

Mem. at 18-21.  This Court denied Defendants' Motion to Dismiss stating that Plaintiff Doe had

in fact exhausted all available administrative remedies prior to bringing this action before the

Court.

Defendants also sought summary judgment on both Plaintiff's injunction and damages

claims, arguing 1) that publication of the ECAB decision is permitted under an exception to the

Privacy Act for "routine uses" of agency records, and 2) that the alleged violations do not satisfy

the "intentional and willful" standard required for an award of damages under the Privacy Act.

Defs' Mem. at 16-18, 21.

This Court agreed that Defendants' cited violations are not of the level of "intentional and

willful" conduct required by the District of Columbia Circuit or the Privacy Act to warrant

damages.  Mem. Op. at 29-30.  The Court, however, ultimately rejected Defendants' arguments

that the Privacy Act exception applies to the publication of Doe's ECAB decision.  The Court

concluded that publication of the ECAB decision without redaction of Plaintiff's name and/or

other identifying details is incompatible with the purposes of any Privacy Act exception and is

violative of Doe's privacy rights.  Mem. Op. at 28.

The Court did not grant Plaintiff's request for injunctive relief outright.  Instead, citing

the "on-going reputational harm alleged by the plaintiff," the Court ordered the Defendants to

show cause why the Court should not order the removal of any "publicly-accessible copies of the

Plaintiff's ECAB decision."  Id at 36.

Defendants submitted a Show Cause Filing in compliance with the Court's September 6,

2006 Order.  In that filing, Defendants state that Doe's ECAB decision is available at the

Department of Labor's offices in Washington, D.C., and online on the Department of Labor's

ECAB web site.  They argue that the decision is available only to those who travel to their

Washington, D.C., offices or visit the ECAB web site.  Show Cause at 4.  Defendants further

contend that although the ECAB decision containing Doe's name and information may be

available through searches on commercial search engines, the Department of Labor has taken

steps to prevent those commercial search engines from indexing the agency decisions and

making them available to the public.  Id;  <u>See also</u> Supp. Gerson Decl. at ¶3 (Supplemental

Declaration of Judge David Gerson, Exhibit 1, in support of Defendants' position).  However,

Defendants go on to say that because agency decisions are currently available on some

commercial legal research services and out of their control, redacting the decisions would be

futile.

       In an attempt to half-heartedly address the flaws in Defendants' publishing policies while

still supporting their position, the Honorable David Gerson, in his Supplemental Declaration,

assures the Court that as of August 1, 2006, the ECAB and the Department of Labor have

modified their publishing practices, now using only the initials of parties in published agency

decisions "[t]o limit a claimant's exposure on the internet."  Supp. Gerson Decl. at ¶ 2.  This

modification to the Department of Labor's publishing practice does not, however, operate

retroactively.  Judge Gerson goes on to report that the reason that the modified publishing policy

does not have a retroactive effect is because it would be unduly burdensome and inconvenient

for the Department of Labor and the ECAB to take on such a task.  Id. at ¶ 4-5.

## ARGUMENT

It is the Defendants' proposition that this Court need not enter an Order which will require them to redact Plaintiff Doe's actual name from copies of his ECAB decisions because the agency's decisions "are not readily available to members of the public who are not searching for a particular decision."  Show Cause at 5.  It is also the Defendants' position, as outlined in Judge Gerson's supplemental declaration, that current modifications of ECAB and Department of Labor publishing policies place limits on the exposure of parties named in agency decisions after August 1, 2006.  However, this policy fails to have a retroactive effect because it would be too inconvenient for Defendants to work through redacting agency decisions published prior to August 1, 2006.  Defendants' attempts to remedy the Privacy Act violation of Plaintiff's rights fail to address the real issue.

In its Opinion, this Court ruled that publishing agency decisions containing Plaintiff Doe's name and other identifiable information is an outright violation of his rights under the Privacy Act.  Mem. Op. at 28.  The Defendants and Judge Gerson, through his supplemental declaration, have said that redacting names from agency decisions would pose a great inconvenience to the Department of Labor and ECAB.  While this Court has recognized that there are exceptions to the Privacy Act, it has not recognized agency inconvenience as one of those exceptions.

The ECAB wants to maintain its existing web site containing the medical information of John Doe and thousands of others.  This is a clear violation of the Privacy Act.  Defendants would also like to make this Court believe that they can block internet access to agency decisions containing Plaintiff Doe's name.  This is highly unlikely, and their proposition should not be

accepted without further discovery.  Defendants do not actually block search engines from

indexing posted agency decisions.  To the contrary, the code simply "advises intruding search

engines that access is restricted and that materials in the files containing agency decisions should

not be indexed."  Supp. Gerson Decl. at ¶ 3.  In other words, the advisory warning to search

engines is simply a request.  Further, Plaintiff knows from his own experience and expertise in

computer operations that the only way to ensure that information is not indexed by commercial

search engines and made available to the public is to not place it on the internet at all.  There are

easily thousands of commercial search engines currently in operation, and Defendants cannot

control the actions of these independent entities.  Moreover, blocking those who are specifically

searching for John Doe, or any other person by name, does not remedy the Defendants' violation

of the Privacy Act.  The Privacy Act provides unlimited and personal protection against the

world, not just those who are actively searching for information about Plaintiff Doe.

  The Defendants themselves state that since these decisions are available on commercial

legal research sites, they are in the public domain and out of their control.  It would be unwise

for this Court, without further investigation, to accept the proposition that the Department of

Labor and ECAB can block access to the web site or that they can control the actions of

independent search engines and guarantee that they will not index pre-August 1, 2006, agency

decisions which contain party names and specifically the decision containing Plaintiff's

identifying information.

  Defendants' response also does not provide sufficient information for the Court to

conclude that it is powerless to remedy the publication of Plaintiff Doe's information by

commercial publishers.  Those publishers are not identified, and there is no evidence to support

DOL's contention that it does not control these entities.  That may well not be the case.  In any event, this Court has ample power at its disposal to bring before the Court all parties necessary to afford Plaintiff Doe complete relief from Defendants' violation of his Privacy Act rights.

Given the circumstances and the Defendants' insistence that they be permitted to continue to violate the Privacy Act as to Plaintiff Doe and thousands of others, Plaintiff suggests that the Court convene a status hearing to address Defendants' arguments.  Plaintiff suggests, as one option, that this Court appoint a Special Master pursuant to Federal Civil Procedure Rule 53 to investigate Defendants' ability to provide the remedy to which Plaintiff is entitled.  This Court has the power to appoint a Special Master to this matter, as long as the parties are given notice and an opportunity to be heard prior to the appointment.  Rule 53(3)(b)(1).

## CONCLUSION

Defendants' post-August 1, 2006, publishing policy modifications do not address the current issue.  In addition, the Department of Labor and ECAB offer no evidence that they can successfully block access to the agency decision containing Plaintiff John Doe's name, medical information and other identifying information.  Keeping Defendants' current web site operating without alteration is unjustifiable.  This Court should instruct the Department of Labor and ECAB to remove the portion of their web site containing agency decisions until they construct it in a way that does not outright violate the Privacy Act.  Plaintiff further recommends that this Court assign a Special Master to further investigate this matter and to recommend a crafted remedy.  For all the reasons set forth above, injunctive relief is appropriate.

Respectfully submitted,

HANNON LAW GROUP


_____//s// J. Michael Hannon_____
J. Michael Hannon, #352526
1901 18th Street, N.W.
Washington, D.C.  20009
(202) 232-1907
(202) 232-3704 (facsimile)
jhannon@hannonlawgroup.com

*Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Response to Defendant's Show Cause Filing was sent via electronic filing this 16th day of October, 2006 to:

Marcia Berman
U.S. Department of Justice
20 Massachusetts Avenue
Room 7204
Washington DC 20001


_____//s// J. Michael Hannon_____
J. Michael Hannon

7