UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN DOE,<br><br>            Plaintiff<br><br>        v.<br><br>UNITED STATES DEPARTMENT OF LABOR, et al.<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.<br>   1:05-cv-02449-RBW |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR SHOW CAUSE FILING

## INTRODUCTION

The Court should not enter a preliminary injunction requiring the Department of Labor to remove the two publicly-accessible copies of Doe's ECAB decision within the Department's control that contain Doe's name. Doe has not established that he would suffer irreparable harm if such an order does not issue, as he must in order to obtain one. Doe has put forward no evidence of any harm that is likely to arise if the status quo is maintained, particularly in light of the fact that in order to access these copies of Doe's ECAB decision, a member of the public would have to first go to the location where the decisions are held -- by entering either the Department of Labor's building or its ECAB Website -- and search for the decision by name.

Nor would it be appropriate for the Court to consider any form of broader injunctive relief extending to other appellants whose names appear in the captions of other ECAB decisions. Those persons are not before the Court, and the Court clearly has no authority to grant such relief.

**ARGUMENT**

I.   DOE HAS FAILED TO DEMONSTRATE THAT HE WOULD SUFFER IRREPARABLE HARM IN THE ABSENCE OF INJUNCTIVE RELIEF.

In its September 6, 2006 Order and Opinion, the Court ordered defendants to "show cause . . . why the Court should not enter an order requiring the removal of any publicly-accessible copies of the plaintiff's ECAB decision within the defendants' control, pending final resolution of this case, that contain the plaintiff's name or similar identifying information." Doe v. U.S. Department of Labor, -- F. Supp. 2d --, 2006 WL 2615101 at * 19. Doe is not entitled to such preliminary injunctive relief.[1]

A plaintiff seeking preliminary injunctive relief must demonstrate (1) a substantial likelihood of success on the merits, (2) that he would suffer irreparable injury if the injunction were not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction. See Serono Labs., Inc. v. Shalala, 158 F.3d 1313, 1317-18 (D.C. Cir. 1998); Committee in Solidarity with the People of El Salvador v. Sessions, 705 F. Supp. 25, 26 (D.D.C. 1989) (Privacy Act claim). An absolute prerequisite to preliminary injunctive relief is a real and imminent threat of irreparable harm. Committee in Solidarity with the People of El Salvador, 705 F. Supp. at 26.

In its show cause filing, the Department established that there are only two copies of Doe's ECAB decision that are publicly-accessible and within the Department's control: a paper

---

[1] As noted in Defendants' Show Cause Filing, defendants believe that the Court anticipates some form of preliminary injunctive relief because Doe did not cross-move for summary judgment. (Defendants' Show Cause Filing at 3, citing 2006 WL 2615101 at * 7 n. 11). Defendants note that Doe has still not cross-moved for summary judgment. Defendants continue to believe that there are no remaining issues to be resolved in the case.

copy of the decision available at the Department's offices in Washington, DC, and an electronic copy of the decision posted on the Department's ECAB Website. The Department further established that in order to access these copies of Doe's ECAB decision, a member of the public would have to first go to the location where the decisions are held -- by entering either the Department of Labor's building or its ECAB Website -- and search for the decision by name. The Department has taken steps to prevent the very harm that Doe complained of in his Complaint – that his ECAB decision could be found by anyone who "Googles" his name. (See Complaint at ¶ 7) (discussing class action allegations, "[a] simple search engine query of the name of any one of these federal employees leads the searcher to the ECAB decisions, which disclose their private medical information to billions of people throughout the world."). The Department asked the major search engines to restrict such access to ECAB decisions, and the major search engines have honored the Department's request. (Supplemental Declaration of David Gerson at ¶ 3) (attached to Defendants' Show Cause Filing as Ex. 1).

   Doe not only fails to contest or controvert these facts in any way, he fails to provide any evidence of harm. Doe provides no evidence whatsoever to rebut the Department's assertion, set forth in the supplemental declaration of David Gerson, that internet access to Doe's ECAB decision has been restricted. This fact stands uncontradicted. Doe's bald assertion that this restricted internet access is "highly unlikely" is unexplained and unsupported. Similarly, Doe's statement in his response that he "knows from his own experience and expertise in computer operations that the only way to ensure that information is not indexed by commercial search engines and made available to the public is to not place it on the internet at all" (Plaintiff's Response to Defendants' Show Cause Filing at 5) is not supported by declaration or any other

evidence and is entitled to no weight. Perhaps most tellingly, Doe does not controvert the Department's factual assertions with the simple assertion that he can still access his ECAB decision by Googling his name, suggesting that such access is no longer available.

Doe fails to proffer a scintilla of evidence of real and imminent harm that will arise in the absence of injunctive relief. Doe does not allege, or present any evidence, that anyone has accessed the copies of his ECAB decision within the Department's control (outside the context of this litigation), let alone that anyone has accessed these copies of the decision to his detriment.[2] Doe has clearly failed to meet his burden to demonstrate real and imminent irreparable harm.

## II. THE COURT HAS NO POWER TO ENTER INJUNCTIVE RELIEF ON BEHALF OF ANYONE OTHER THAN DOE.

Doe spends much of his response to defendants' show cause filing arguing for injunctive relief beyond his own ECAB decision. His response gives the distinct impression that the issue of the Department's ability and willingness to remove appellants' names from ECAB decisions is presently before the Court. It is clearly not, as the Court rejected Doe's request to certify this case as a class action and explicitly recognized that it only has authority to grant injunctive relief with respect to Doe's ECAB decision. Doe v. U.S. Department of Labor, -- F. Supp. 2d --, 2006 WL 2615101 at * 11 n. 17 (Sept. 6, 2006) ("to the extent that the plaintiff is asking the Court to order the redaction of *all* appellant names from ECAB's published decisions containing

---

[2] To the extent that anyone has accessed copies of Doe's ECAB decision made available through commercial legal research services such as Westlaw, those copies of his decision are no longer within the Department's control and lie outside the scope of the Court's show cause order. (See Supp. Gerson decl. at ¶ 1; Sept. 6, 2006 Order and Opinion). Doe has also failed to controvert the Department's contention that it no longer controls such copies of Doe's ECAB decision.

confidential medical information, such relief is beyond the Court's authority to provide."). Doe concedes this fact (Plaintiff's Response to Defendants' Show Cause Filing at 1 n. 2) ("This Court did not certify Doe's claim as a class action), but ignores it in arguing for broader injunctive relief.

The Court simply and unquestionably lacks the power to issue the relief that Doe continues to request. All that is at issue at this point in the proceedings is the appropriateness of an order requiring the removal of any publicly-accessible copies of Doe's ECAB decision within the Department's control, pending final resolution of this case, that contain Doe's name or similar identifying information. 2006 WL 2615101 at * 19. Accordingly, there is no need for the appointment of a Special Master to address this issue. (See Plaintiff's Response to Defendants' Show Cause Filing at 6). The parties have not consented to, nor is there any exceptional circumstance requiring, the appointment of a special master in this case. See Fed. R. Civ. P. 53(a).

## CONCLUSION

For all the foregoing reasons and the reasons set forth in Defendants' Show Cause Filing, Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, and reply in support thereof, preliminary injunctive relief is not required or appropriate.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO

        Assistant Branch Director


          s/ Marcia Berman
        MARCIA BERMAN
        Trial Attorney
        (PA Bar No. 66168)
        United States Department of Justice
        Civil Division, Federal Programs Branch
        20 Massachusetts Avenue N.W.  Room 7204
        Washington, D.C.  20530
        Tel.: (202) 514-3330
        Fax: (202) 616-8470
        Email:  marcia.berman@usdoj.gov

        Attorneys for Defendants.

CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2006, a true and correct copy of the foregoing Defendants' Reply in Support of Their Show Cause Filing was served upon plaintiffs' counsel of record at the address listed below:

Via ECF:

J. Michael Hannon
HANNON LAW GROUP, LLP
1901 18th Street, NW
Washington, DC 20009
(202) 232-1907
Fax: (202) 232-3704
Email: jhannon@hannonlawgroup.com

        s/ Marcia Berman
        MARCIA BERMAN