UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, ) | |
| ) | Civil Action No. |
| Plaintiff ) | 1:05-cv-02449-RBW |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF LABOR, ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

**JOINT MOTION TO VACATE COURT'S ORDER AND MEMORANDUM OPINION OF SEPTEMBER 6, 2006**

Plaintiff John Doe and defendants United States Department of Labor ("DOL" or the "Department") and the Secretary of Labor, having reached a settlement agreement in this action, hereby stipulate and move the Court to vacate its Order and Memorandum Opinion of September 6, 2006. In support of this joint motion, the parties state as follows:

1. Plaintiff filed this lawsuit in December, 2005, seeking injunctive relief and damages for alleged violations of the Privacy Act, 5 U.S.C. § 552a (2000). Plaintiff claimed that the Department of Labor's Employee Compensation Appeals Board ("ECAB") violated his rights under the Privacy Act by publishing a decision on his case without redacting his name or personal medical information from the case. ECAB hears and makes final decisions on appeals of federal employees from decisions of the Department's Office of Workers' Compensation Programs in claims arising under the Federal Employees' Compensation Act. Plaintiff's ECAB decision was made accessible to the public at the Department of Labor, on Westlaw and Lexis,

and on ECAB's internet website.

2. Defendants filed a motion to dismiss, or, in the alternative, for summary judgment. On September 6, 2006, the Court entered an Order and Memorandum Opinion granting defendants' motion for summary judgment on plaintiff's claim for damages, denying defendants' motion to dismiss plaintiff's claim for injunctive relief, and denying defendants' motion for summary judgment on plaintiff's claim for injunctive relief. <u>Doe v. U.S. Department of Labor</u>, 451 F. Supp. 2d 156 (D.D.C. 2006). The Court denied defendants' motions on plaintiff's injunctive relief claim because it found that the publication of plaintiff's ECAB decision did not qualify under the Privacy Act's routine use exception, 5 U.S.C. § 552a(b)(3). The Court held that the disclosure of plaintiff's ECAB decision to the public without the redaction of his name or other details directly revealing his identity was incompatible with the purpose for which this information was collected and was not, therefore, a permissible routine use of the unredacted decision. 451 F. Supp. 2d at 175-76. The Court found that it was permissible for ECAB to publish personal medical information in plaintiff's ECAB decision, but that it violated the Privacy Act to not redact his name from that decision. <u>Id</u>.

3. The Court rejected plaintiff's claim for damages under the Privacy Act, finding that ECAB's conduct in publishing plaintiff's unredacted decision did not amount to the type of intentional or willful conduct required to justify an award of damages under the Privacy Act. <u>Id</u>. at 177-80. The Court found that while it ultimately concluded that publication of plaintiff's unredacted ECAB decision violated the Privacy Act, defendants had a reasonable basis for believing that publishing plaintiff's ECAB decision in unredacted form was permitted by the Privacy Act, since "at the time that the plaintiff's unredacted ECAB decision was published, no

court had yet concluded, as this Court has now done, that publishing an appellant's name in this context did not constitute 'routine use' which was exempted under the Privacy Act." Id. at 177-78.

4.     The Court ordered defendants to "show cause . . . why the Court should not enter an order requiring the removal of any publicly-accessible copies of the plaintiff's ECAB decision within the defendants' control, pending final resolution of this case, that contain his name or similar identifying information." Id. at 180. In its decision, the Court also declined to certify the case as a class action, id. at 160 n. 3, and stated that it could not presently conclude that plaintiff had "substantially prevailed" so as to be entitled to reasonable attorney's fees and other litigation costs reasonably incurred under 5 U.S.C. § 552a(g)(2)(B). Id. at 168 n. 11.

5.     The parties submitted briefs in response to the Court's show cause order and, at plaintiff's initiation, began to discuss settlement. The Court held status conferences on this matter on January 24, 2007, and March 6, 2007. With the Court's encouragement, the parties have reached a settlement agreement.

6.     A key element of the settlement agreement is that the Court grant the parties' joint request that the Court vacate its September 6, 2006 Order and Memorandum Opinion. The other terms of the settlement agreement are that (1) defendants will pay plaintiff an agreed-upon amount, as specified in the settlement agreement, for his reasonable attorney's fees; (2) defendants will permanently remove plaintiff's ECAB decision from ECAB's website and permanently remove all hard copies of plaintiff's ECAB decision maintained by DOL that are available to the public; and (3) defendants will send a letter to all commercial entities, of which the Department is aware, that report ECAB decisions that informs them that defendants have

3

removed plaintiff's ECAB decision from its website and library in response to a Privacy Act claim brought by plaintiff. Plaintiff and defendants have reached agreement on all of these terms, each side finding the settlement agreement to be in its best interest.

7. Accordingly, the parties jointly move the Court, pursuant to Fed. R. Civ. P. 60(b)(5) and (6), to vacate its September 6, 2006 Order and Memorandum Opinion. Fed. R. Civ. P. 60(b)(5) and (6) provide that a district court may, in its discretion, grant relief from an order if it is no longer equitable that the order should have prospective application, or if there is any other reason justifying relief.

8. The equities weigh in favor of vacating the Court's Order and Memorandum Opinion. Both parties have foregone their right to appeal, or seek reconsideration of, the legal issues decided in the Court's decision, because they have settled their differences with respect to the issues in this lawsuit and do not want to incur the risks and expenses that would be involved in pursuing the litigation further. Because the legal issues will not undergo review, the parties jointly ask the Court to vacate its decision at this time.

9. The parties' joint request that the Court vacate its decision is not prohibited by U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18 (1994). In Bancorp, the Supreme Court addressed the question of whether appellate courts in the federal system should vacate on the basis of mootness civil judgments of subordinate courts in cases that are settled after appeal is filed or certiorari sought. 513 U.S. at 19. The Court held that "[w]here mootness results from settlement, . . . the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur." Id. at 25. When mootness is produced in such a fashion, a court of appeals should

only grant vacatur of a district court judgment in "exceptional circumstances." Id. at 29.

      10.    For a number of reasons, Bancorp is distinguishable from the instant case. The parties are not asking an appellate court to vacate a district court judgment, but rather are asking a district court to vacate its own decision, pursuant to Fed. R. Civ. P. 60(b), which the Supreme Court itself recognized was a different request. Id. See also Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 117 (4th Cir. 2000). The settlement agreement in this case was reached before the Court ordered injunctive relief or entered a final judgment, and thus before any party had the opportunity to pursue an appeal (let alone to exercise such an opportunity). And, unlike in Bancorp where the "winning party" opposed the "losing party's" motion to vacate the judgment, both sides in this case are jointly requesting that the Court vacate its decision, which contains adverse rulings for both sides. Even if Bancorp's "exceptional circumstances" test applies here, courts have held that the circumstances present here -- i.e., vacatur is a win for both sides and is thus jointly requested as an essential component of a settlement -- constitute "exceptional circumstances" for granting vacatur. See Wal-Mart Stores, Inc. v. Rodriguez, 322 F.3d 747, 749-50 (1st Cir. 2003); Major League Baseball Properties, Inc. v. Pacific Trading Cards, Inc., 150 F.3d 149, 151-52 (2d Cir. 1998); Motta v. District Director of Immigration & Naturalization Services, 61 F.3d 117, 118-19 (1st Cir. 1995); Equal Access for All, Inc. v. Hughes Resort, Inc., Case No. 5:04cv178/MCR, 2006 WL 1313189, at * 2 (N.D. Fla. May 12, 2006); United National Insurance Co. v. Airosol Co., Inc., Case No. 99-1236-JTM, 2001 WL 34664157, at * 1 (D. Kan. Feb. 21, 2001); Novell, Inc. v. Network Trade Center, Inc., 187 F.R.D. 657, 661-62 (D. Utah 1999).

      WHEREFORE, the parties jointly request that the Court vacate its Order and

Memorandum Opinion of September 6, 2006, as part of the parties' settlement of this case.

Respectfully submitted,

| FOR PLAINTIFF: | FOR DEFENDANTS: |
|---|---|
| /s/ J. Michael Hannon | |
| J. Michael Hannon | PETER D. KEISLER |
| HANNON LAW GROUP, LLP | Assistant Attorney General |
| 1901 18th Street, NW | JEFFREY A. TAYLOR |
| Washington, DC 20009 | United States Attorney |
| Tel.: (202) 745-6880 | |
| Email: jhannon@hannonlawgroup.com | ELIZABETH J. SHAPIRO |
| | Assistant Branch Director |
| | Federal Programs Branch |
| | |
| | /s/ Marcia Berman |
| | MARCIA BERMAN |
| | Trial Attorney |
| | United States Department of Justice |
| | Civil Division, Federal Programs Branch |
| | 20 Massachusetts Avenue N.W.  Room 7204 |
| | Washington, D.C.  20530 |
| | Tel.: (202) 514-3330 |
| | Email: marcia.berman@usdoj.gov |

Dated: March 20, 2007